**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DAVID ST. AMOUR**
**DIANE ST. AMOUR**

    **VS**

**FEDERAL HOME LOAN MORTGAGE CORPORATION**
**US BANK, NATIONAL ASSOCIATION,**
**AS TRUSTEE FOR  LSF 9 MASTER PARTICIPATION TRUST,**
**CALIBER HOME LOANS, INC.**

## COMPLAINT

Plaintiffs, by their attorney complain of Defendants as follows:

1. Plaintiffs are a residents of the State of Rhode Island with an address of  8 East Quail Rune, Charlestown, Rhode Island.  Plaintiffs  reside at  and own said real estate located at 8 East Quail Run, Charlestown, Rhode Island.

2. Plaintiffs  executed a mortgage to  Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Mortgage Lenders Network USA, Inc. dba Lenders Network on June 26, 2006.  A copy is attached as Exhibit A.

3. Orlans  PLLC is a Michigan Limited Liability Company, which does business in Rhode Island as a debt collector.

4. Caliber Home Loans , Inc. ("Caliber") is a foreign corporation. It is a loan servicer for the owner of Plaintiffs' mortgage.  It is a debt collector and it does not own Plaintiffs' mortgage. At the time it commenced servicing of the mortgage loan, Plaintiffs' mortgage loan account was treated by Caliber as if were in default.

1

5.  US Bank National Association as trustee for LSF 9 Master Participation Trust ("US Bank")  claims to own Plaintiffs' note and mortgage.

6. Bank of America, N.A. ("BOA") was the former servicer for the Plaintiffs' mortgage loan. It acted as servicer using the name of BAC Home Loan Servicing, LP ("BAC") which it merged with in 2011.

7.  The former name of BAC was Countrywide Home Loans Servicing, LP ("Countrywide").

8.  Nationstar Mortgage, LLC ("Nationstar") was a former loan servicer for Plaintiffs' mortgage loan, prior to Caliber obtaining servicing rights.

9.  Defendant, Federal Home Loan Mortgage Corporation ("Freddie Mac") is a corporation created by an Act of Congress, It was the owner of the Plaintiffs' mortgage loan until it was sold to Lone Star Funding, a company which claims to have securitized Plaintiffs' mortgage loan.

10.  Plaintiffs' promissory note was lost at some time prior to Freddie Mac selling the mortgage loan to Lone Star Funding.

11.  While Plaintiffs' mortgage loan was being serviced by Countrywide, they received a loan modification from Countrywide on behalf of Freddie Mac. A copy of this loan modification is attached as Exhibit B.

12.  This loan modification was applied for by Plaintiffs in a program participated in by Countrywide and Freddie Mac.

13.  Plaintiffs made all payments toward this loan modification, they mailed in the signed modification to Countrywide and in all ways complied with the terms of the medication. As a result, the original mortgage was modified by Freddie Mac, through its agent Countrywide.

14.  Despite the transmission of the executed modification by the Plaintiffs, Freddie Mac, through its agents and servicers BOA, BAC, Countrywide and Nationstar refused to implement the modification on the electronic system of record of each servicer. As a result the modification of

the mortgage loan was never reflected in the monthly statements of the Plaintiffs.

15. This Court has jurisdiction pursuant to diversity jurisdiction.

16. In addition, Plaintiffs payments were misapplied from March 2009 and were not applied properly to the mortgage loan.

17. Eventually, Freddie Mac, through its agents and servicers refused to accept payments made by the Plaintiffs and returned these payments.

18. Plaintiff, David St. Amour, observing that these payments were not being accepted, saved the monthly payments, which were not being accepted by Freddie Mac, through its servicers.

## COUNT I

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY US BANK'S FAILURE TO SEND THE PLAINTIFFS A MONTHLY MORTGAGE STATEMENT EACH MONTH PURSUANT TO THE PROVISIONS OF 12 C.F.R. 1026.41 AND 15 U.S.C. 1638**

19. Paragraphs 1-18 are incorporated by reference.

20. This is an action for damages brought by the Plaintiffs, who are consumers, for US Bank's violations of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA").

21. Specifically, Plaintiffs seeks the remedies provided in TILA for Defendants' failure to send the Plaintiffs monthly mortgage statements as required by 15 U.S.C. §§ 1638 and 12 C.F.R. 1026.41 respectively.

22. This Court has jurisdiction pursuant to 15 U.S.C. §1640 to provide private remedies for failure to respond to provide a borrower monthly statements. 15 U.S.C. § 1640 provides for statutory damages of the type alleged in this Complaint to a range of not less than $400.00 nor greater

than $4,000.00. Jurisdiction is further conferred on this Court by 15 U.S.C. §1640(e).

23. Caliber claims to be the servicer of the mortgage loan, which is the subject of this complaint

24. US Bank claims to be the owner of the mortgage note and mortgage loan.

25. The mortgage loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

26. Plaintiffs have not been sent a monthly statement in compliance with 12 C.F.R. 1026.41 since May 9, 2017.

27. Pursuant to 12 C.F.R. 1026.41, the loan servicer on behalf of the creditor, Caliber was required to send the Plaintiffs a monthly mortgage statement that provides the following information:

**(d)** *Content and layout of the periodic statement.* The periodic statement required by this section shall include:
**(1)** *Amount due.* Grouped together in close proximity to each other and located at the top of the first page of the statement:
**(i)** The payment due date;
**(ii)** The amount of any late payment fee, and the date on which that fee will be imposed if payment has not been received; and
**(iii)** The amount due, shown more prominently than other disclosures on the page and, if the transaction has multiple payment options, the amount due under each of the payment options.
**(2)** *Explanation of amount due.* The following items, grouped together in close proximity to each other and located on the first page of the statement:
**(i)** The monthly payment amount, including a breakdown showing how much, if any, will be applied to principal, interest, and escrow and, if a mortgage loan has multiple payment options, a breakdown of each of the payment options along with information on whether the principal balance will increase, decrease, or stay the same for each option listed;
**(ii)** The total sum of any fees or charges imposed since the last statement; and
**(iii)** Any payment amount past due.

**(3)** *Past Payment Breakdown.* The following items, grouped together in close proximity to each other and located on the first page of the statement:
**(i)** The total of all payments received since the last statement, including a breakdown showing the amount, if any, that was applied to principal, interest, escrow, fees and charges, and the amount, if any, sent to any suspense or unapplied funds account; and
**(ii)** The total of all payments received since the beginning of the current calendar year, including a breakdown of that total showing the amount, if any, that was applied to principal, interest, escrow, fees and charges, and the amount, if any, currently held in any suspense or unapplied funds account.
**(4)** *Transaction activity.* A list of all the transaction activity that occurred since the last statement. For purposes of this paragraph (d)(4), *transaction activity* means any activity that causes a credit or debit to the amount currently due. This list must include the date of the transaction, a brief description of the transaction, and the amount of the transaction for each activity on the list.
**(5)** *Partial payment information.* If a statement reflects a partial payment that was placed in a suspense or unapplied funds account, information explaining what must be done for the funds to be applied. The information must be on the front page of the statement or, alternatively, may be included on a separate page enclosed with the periodic statement or in a separate letter.
**(6)** *Contact information.* A toll-free telephone number and, if applicable, an electronic mailing address that may be used by the consumer to obtain information about the consumer's account, located on the front page of the statement.
**(7)** *Account information.* The following information:
**(i)** The amount of the outstanding principal balance;
**(ii)** The current interest rate in effect for the mortgage loan;
**(iii)** The date after which the interest rate may next change;
**(iv)** The existence of any prepayment penalty, as defined in§ 1026.32(b)(6)(i), that may be charged;
**(v)** The Web site to access either the Bureau list or the HUD list of homeownership counselors and counseling organizations and the HUD toll-free telephone number to access contact information for homeownership counselors or counseling organizations; and
**(8)** *Delinquency information.* If the consumer is more than 45 days delinquent, the following items, grouped together in close proximity to each other and located on the first page of the statement or, alternatively, on a separate page enclosed with the periodic statement or in a separate letter:

**(i)** The date on which the consumer became delinquent;
**(ii)** A notification of possible risks, such as foreclosure, and expenses, that may be incurred if the delinquency is not cured;
**(iii)** An account history showing, for the previous six months or the period since the last time the account was current, whichever is shorter, the amount remaining past due from each billing cycle or, if any such payment was fully paid, the date on which it was credited as fully paid;
**(iv)** A notice indicating any loss mitigation program to which the consumer has agreed, if applicable;
**(v)** A notice of whether the servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process, if applicable;
**(vi)** The total payment amount needed to bring the account current; and
**(vii)** A reference to the homeownership counselor information disclosed pursuant to paragraph (d)(7)(v) of this section.

28. None of these statements have been sent to the Plaintiffs, inconformity with Regulation Z since May 9, 2017.

29. The Plaintiffs have been charged regular fees for Property Inspection in a monthly charge of $15.00 on the statements, which were sent These fees were neither reasonable nor necessary and were not actually paid to the vendor which purportedly billed the loan servicer.

30. Advertising costs and foreclosure fees have been charged to the mortgage loan account and reflected in each of the periodic monthly statements despite the fact that neither lender, the assignee or the servicer of the alleged owner of the mortgage loan were authorized to exercise the statutory power of sale.

31. These fees were not accurate because they included fees for foreclosure and related expenses despite the fact that the Plaintiffs note had been lost and due to the fact that a default letter in accord with the terms of their mortgager had never been mailed to them,

32. These charges have resulted in an incorrect calculation of principal and interest in all statements sent to the consumers by Caliber on behalf of US Bank.

33.    As a result of this failure to comply with 12 C.F.R. 1026.41 and TILA, Defendant, US Bank is liable to each Plaintiff for actual damages and statutory damages of up to $4,000.00 for each of the statements, which were either not sent to the Plaintiffs since May 9, 2017 or were not accurate and not in conformity with 12 C.F.R. 1026.41 and TILA.

34.    The Plaintiffs have incurred actual damages, costs and legal fees in regard to this action:

   a.    They have incurred costs for gasoline to visit their attorney on at least two occasions, driving totheir attorney's office for a round trip totaling 91.2 miles.  The IRS standard mileage allowance provides for .56 per mile.

   b.    They have incurred postage costs, copying costs and stationary and envelope costs for transmission to the Defendant.

   c.    They have incurred costs to charge the batteries to their cellphones to make calls and to send emails to their attorneys

   d.    They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will be responsible for legal fees expenses incurred in regard to this action.

WHERFORE, each Plaintiff demands Judgment against US Bank for statutory damages of at least $4,000.00, for each monthly failure to send a monthly mortgage statement in conformity with TILA since May 9, 2017 through this date and continuing in the future. plus actual damages, plus attorney fees and costs and all other just and proper relief.

May 7, 2018

DAVID ST. AMOUR
DIANE ST. AMOUR
By their Attorney

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT II

## VIOLATION OF THE COVENANT OF GOOD FAITH AND DEALING FOR BREACH OF THE MORTGAGE CONTRACT

35. Paragraphs 1-34 are incorporated by reference.

36. The mortgage contract, as modified by the loan modification, between Plaintiffs and the mortgagee and its successor or assignee contained an implied covenant of good faith and dealing between the parties so that the contractual obligation of the contract might be achieved.

37. On or about February 11, 2009, Freddie Mac, through its loan servicer, Countrywide, entered into a Loan Modification Agreement with the Plaintiffs.

38. Plaintiffs signed this agreement March 4, 2009 and March 6, 2009. Freddie Mac, through Countrywide sent the Plaintiffs the agreement, who signed it, sent it back and made all the payments under the loan modification, which had reduced the interest rate of the Plaintiffs and extended the term.

39. Despite this compliance with the contact by the Plaintiffs, Freddie Mac, through Countrywide and all servicers refused to honor the modification and did not apply the payments made by the Plaintiffs pursuant to the terms of the modified mortgage loan.

8

40. As a result of this breach of contract, payments made by the Plaintiffs were not properly applied to the mortgage and were applied improperly to late fees and costs.

41. Plaintiffs' monthly payments were not accepted resulting in purported arrearages, despite the fact that the Plaintiffs were ready, willing and able to make the modified monthly payments, which Freddie Mac refused to accept through its servicers.

42. In fact, Freddie Mad, through its servicers, contended that the Plaintiffs had not mailed in the modifications, even though Countrywide had received the signed modification.

43. As a result, Plaintiffs have incurred the following damages:

   a. Plaintiffs' mortgage loan account has been charged fees and costs which were not permitted pursuant to the terms of the mortgage as modified.

   b. Plaintiffs have incurred damages for aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety.

   c. Plaintiffs have not received tax deductions for interest and taxes paid on the mortgage loan due to the misapplication of payments made.

   d. Plaintiffs' mortgage loan account has been charged late fees and other improper costs, including improper charges for interest.

   e. Plaintiffs have incurred attorney fees and costs for the prosecution of this action.

44. The conduct of Freddie Mac, through its loan servicers was willful, wanton and reckless, warranting the imposition of punitive damages. It ignored the fact that the loan had been modified, but instead refused to acknowledge same and in fact insisted that no modification had been sent

back to Countrywide. It then recklessly directed its servicer not to accept payments from the Plaintiffs.

  WHEREFORE, Plaintiffs demand the following relief:

  a. Damages against Freddie Mac for failure to comply with the terms of the mortgage, as modified by the loan modification;

  b. Damages against Freddie Mac for legal fees and actual damages as alleged in the complaint, arising from the breach of contract.

  c. Legal fees from Freddie Mac.

  d. Actual damages attributable to the aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry and anxiety and stress suffered by the Plaintiff.

  e. Punitive Damages.

  f. All other just and proper relief.

May 7, 2018

DAVID ST. AMOUR
DIANE ST. AMOUR
By their Attorney

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

# COUNT III

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE TRUTH IN LENDING ACT BY US BANK'S FAILURE TO SEND THE PLAINTIFF AN ACCURATE PAYOFF STATEMENT PURSUANT TO THE PROVISIONS OF 15 U.S.C. 1639**

45. Paragraphs 1-44 are incorporated by reference.

46. This is an action for damages brought by the Plaintiff who is a consumer, for us Bank's violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA").

47. Specifically, Plaintiffs seek the remedies provided in TILA for Defendant's transmission to the Plaintiffs of an inaccurate payoff statement dated December 13, 2017 in violation of 15 U.S.C. § 1639.

48. This Court has jurisdiction pursuant to 15 U.S.C. §1640 to provide private remedies for providing an inaccurate payoff statement to the borrower. 15 U.S.C. § 1640 provides for statutory damages of the type alleged in this Complaint to a range of not less than $400.00 nor greater than $4,000.00. Jurisdiction is further conferred on this Court by 15 U.S.C. §1640(e).

49. Caliber is a corporation that services residential mortgage loans. It is the servicer of the mortgage loan, which is the subject of this complaint

50. US Bank claims to be the owner of the mortgage note and mortgage loan.

51. The mortgage loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1).

52. On or about December 13, 2017 Orlans on behalf of Caliber and US Bank sent the Plaintiffs a payoff statement.

53. This statement erroneously stated that the Plaintiffs owed the following amounts:

   Escrow advance of $20,676.99
   Late charges of $3100.00
   NSF Fees of $5056.86
   Accrued interest of $$53,676.45
   Principal balance of $174,541.25

54. The fees charged were neither reasonable nor necessary and were not legally incurred as indicated in this complaint.

55. As a result of this failure to comply with TILA, Defendant, US Bank is liable for actual damages and statutory damages of up to $4,000.00 for this inaccurate payoff statement which was sent to the Plaintiffs.

56. The Plaintiffs have incurred actual damages, costs and legal fees in regard to this action:

  a. They have incurred costs for gasoline to visit their attorney on at least two occasions, driving to their attorney's office for a round trip totaling 91.2 miles. The IRS standard mileage allowance provides for .56 per mile.

  b. They have incurred postage costs, copying costs and stationary and envelope costs for transmission to the Defendant.

  c. They have incurred costs to charge the batteries to their cellphones to make calls and to send emails to their attorneys.

  d. They have incurred attorney fees and costs for the prosecution of this action. Their fee agreement with their attorney provides that they will be responsible for legal fees expenses incurred in regard to this action.

May 7, 2018

DAVID ST. AMOUR
DIANE ST. AMOUR
By their Attorney

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT IV

### COMPLAINT FOR DECLARATORY JUDGMENT

57. Paragraphs 1-56 are incorporated by reference.

58. The Plaintiffs' mortgage note was lost before US Bank purchased the mortgage loan.

59. Pursuant to R.I.G.L 6A-3-309, the mortgage note cannot be enforced by a party which claims to have obtained the mortgage note after it was lost.

60. As indicated by the lost note affidavit of Nationstar Mortgage, dated October 28, 2014, the Plaintiffs' mortgage note was lost prior to that date.

61. This information was transmitted to US Bank, through its loan servicer, Caliber, which provided the Plaintiffs the lost note affidavit, which was contained in Caliber's servicing file.

62. US Bank is not the agent for the owner of the mortgage note, which has been lost. As a result, Caliber cannot enforce the mortgage loan.

Wherefore, Plaintiffs demand that this Court issue a declaratory Judgment that the Plaintiffs' mortgage note has been lost and that as a result pursuant to R.I.G.L 6A-3-309, the note cannot be enforced by exercise of the

statutory power of sale since US Bank is not entitled to any funds payable pursuant to a lost note.

                                                DAVID ST. AMOUR
                                                DIANE ST. AMOUR
May 7, 2018                          By their Attorney

                                                /s/ John B. Ennis
                                                JOHN B. ENNIS, ESQ. #2135
                                                1200 Reservoir Avenue
                                                Cranston, Rhode Island 02920
                                                (401) 943-9230
                                                Jbelaw75@gmail.com

      Plaintiffs demand a Trial by Jury