UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID ST. AMOUR and <br> DIANE ST. AMOUR, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL HOME LOAN MORTGAGE <br> CORPORATION, US BANK, NATIONAL <br> ASSOCIATION, AS TRUSTEE FOR LSF 9 <br> MASTER PARTICIPATION TRUST, <br> CALIBER HOME LOANS, INC., <br><br> Defendants. | CIVIL ACTION NO. 1:18-CV-00254 |

**DEFENDANTS U.S. BANK, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST'S AND CALIBER HOME LOANS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Caliber Home Loans, Inc. ("Caliber") and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (incorrectly named as "US Bank, National Association, as Trustee for LSF 9 Master Participation Trust") ("U.S. Bank," and together with Caliber, "Defendants") hereby answer the allegations of the Complaint, which was filed on May 7, 2018, as follows:

1. Defendants admit that Plaintiffs David St. Amour and Diane St. Amour ("Plaintiffs") are record owners of real property located at 8 East Quail Run, Charlestown, Rhode Island. Further answering, Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 and, therefore, deny the allegations and leave Plaintiffs to their proofs.

2. Paragraph 2 refers to a written instrument that speaks for itself and, therefore, a response is not required. To the extent a response is required, Defendants admit that the document attached to the Complaint as Exhibit A is a true copy of a mortgage executed by Plaintiffs and recorded with the Registry of Deeds (the "Mortgage"). Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 and, therefore, deny the allegations and leave Plaintiffs to their proofs.

3. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, therefore, deny the allegations and leave Plaintiffs to their proofs.

4. Defendants admit that Caliber is a corporation organized under the laws of the State of Delaware with headquarters located in Coppell, Texas. Further answering, Defendants admit that it is a loan servicer for, and not the owner of, the Mortgage. Further answering, Defendants admit that Plaintiffs were in default on their obligations under the Mortgage when Caliber began servicing the subject loan. Defendants deny the remaining allegations in Paragraph 4 and leave Plaintiffs to their proofs.

5. Defendants admit that U.S. Bank owns the Mortgage and corresponding note.

6. Paragraph 6 seeks information that is publically available and, therefore, a response is not required. To the extent a response is required, Defendants admit that Bank of America, N.A. and/or BAC Home Loan Servicing, LP were former servicers of the subject loan, and denies knowledge and information sufficient to form a belief as to truth of the remaining allegations and, therefore, deny the allegations and leave Plaintiffs to their proofs.

7. Paragraph 7 seeks information that is publically available and, therefore, a response is not required. To the extent a response is required, Defendants admit the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, therefore, deny the allegations and leave Plaintiffs to their proofs.

10. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, therefore, deny the allegations and leave Plaintiffs to their proofs.

11. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, therefore, deny the allegations and leave Plaintiffs to their proofs.

12. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, deny the allegations and leave Plaintiffs to their proofs.

13. Defendants deny knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and, therefore, deny the allegations and leave Plaintiffs to their proofs. Further answering, Defendants deny that the Mortgage was modified or that Plaintiffs in all ways complied with the terms of an alleged mortgage modification.

14. Defendants deny that a modification agreement was ever fully executed or implemented with respect to the Mortgage. Defendants deny knowledge and information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and, therefore, deny the allegations and leave Plaintiffs to their proofs.

15. Paragraph 15 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation in Paragraph 15 and leave Plaintiffs to their proofs.

16. Defendants deny the allegations in Paragraph 16.

17. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and, therefore, deny the allegations and leave Plaintiffs to their proofs.

18. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, therefore, deny the allegations and leave Plaintiffs to their proofs.

**COUNT I**

19. Defendants incorporate their responses to Paragraphs 1 through 18 set forth above as if fully set forth herein.

20. Paragraph 20 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation in Paragraph 20.

21. Paragraph 21 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation in Paragraph 21.

22. Paragraph 22 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegation in Paragraph 22 and leave Plaintiffs to their proofs.

23. Defendants admit that Caliber is the servicer for the Mortgage.

24. Defendants admit that U.S. Bank is the owner of the Mortgage and corresponding note.

25. Paragraph 25 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 25 and leave Plaintiffs to their proofs.

26. Paragraph 26 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

27. Paragraph 27 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28. Paragraph 28 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 28.

29. Paragraph 29 sets forth a legal conclusion to which no response is required. Further answering, Paragraph 29 appears to be incomplete and, therefore, Defendants cannot answer it in its present form. Further answering, to the extent a response is required, Defendants deny the allegations in Paragraph 29 and leave Plaintiffs to their proofs.

30. Paragraph 30 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

## COUNT II

35. Defendants incorporate their responses to Paragraphs 1 through 34 set forth above as if fully set forth herein.

36. The allegations in Paragraph 36 are directed to Freddie Mac and therefore a response is not required.

37. The allegations in Paragraph 37 are directed to Freddie Mac and therefore a response is not required.

38. The allegations in Paragraph 38 are directed to Freddie Mac and therefore a response is not required.

39. The allegations in Paragraph 39 are directed to Freddie Mac and therefore a response is not required.

40. The allegations in Paragraph 40 are directed to Freddie Mac and therefore a response is not required.

41. The allegations in Paragraph 41 are directed to Freddie Mac and therefore a response is not required.

42. The allegations in Paragraph 42 are directed to Freddie Mac and therefore a response is not required.

43. The allegations in Paragraph 43 are directed to Freddie Mac and therefore a response is not required.

44. The allegations in Paragraph 44 are directed to Freddie Mac and therefore a response is not required.

## COUNT III

45.     Defendants incorporate their responses to Paragraphs 1 through 44 set forth above as if fully set forth herein.

46.     Paragraph 46 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 46.

47.     Paragraph 47 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 47.

48.     Paragraph 48 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 48 and leave Plaintiffs to their proofs.

49.     Defendants admit the allegations in Paragraph 50.

50.     Defendants admit that U.S. Bank is the owner of the Mortgage loan and corresponding note.

51.     Paragraph 51 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51 and leave Plaintiffs to their proofs.

52.     Paragraph 52 refers to a written instrument that speaks for itself and, therefore, a response is not required. To the extent a response is required, Defendants admit the allegations in Paragraph 52.

53.     Paragraph 53 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 53.

54.     Paragraph 54 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 57.

## COUNT IV

57. Defendants incorporate their responses to Paragraphs 1 through 56 set forth above as if fully set forth herein.

58. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and, therefore, deny the allegations and leave Plaintiffs to their proofs.

59. Paragraph 59 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59.

60. Paragraph 60 refers to a written instrument that speaks for itself and, therefore, a response is not required. To the extent a response is required, Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and therefore deny the allegations and leave Plaintiffs to their proofs.

61. Defendants admit that a document that appears to be a lost note affidavit is contained in the loan files, and deny the remaining allegations and leave Plaintiffs to their proofs.

62. Defendants deny the allegations in Paragraph 62.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiffs were caused, in whole or in part, by the negligence or other conduct of Plaintiffs or third parties.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred, in whole or in part, by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to take appropriate steps to mitigate or otherwise avoid the damages that he claims to have suffered.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for failure to join indispensable parties and/or parties under Rule 19 of the Federal Rules of Civil Procedure.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery due to their execution of the loan documents.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, on the basis of the documentary evidence.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of equitable estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

In the event Defendants are found liable for any damages, they are entitled to a set off for the outstanding payments owing from Plaintiff to Defendants under the Note and/or Mortgage.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## DEFENDANTS' RESERVATION OF RIGHTS

Defendants reserve their right to supplement and amend its Answer and Affirmative Defenses as additional information becomes available or apparent during the course of investigation, preparation, or discovery.

## RELIEF REQUESTED

**WHEREFORE,** Caliber respectfully requests that this Court enter an order:

(a) dismissing the Complaint in its entirety; and

(b) awarding Caliber such other and further relief as this Court deems just and proper.

Respectfully submitted,

U.S. BANK TRUST, N.A., as TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST; and CALIBER HOME LOANS, INC.,

By their attorney,

/s/ Joseph K. Scully
Joseph K. Scully (#6217)
*jkscully@daypitney.com*
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
T: (860) 275-0135

DATED: September 18, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on September 18, 2018.

                          /s/ Joseph K. Scully
                          Joseph K. Scully