# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID ST. AMOUR and <br> DIANE ST. AMOUR, <br><br>     Plaintiffs, <br><br> v. <br><br> FEDERAL HOME LOAN MORTGAGE <br> CORPORATION, US BANK, NATIONAL <br> ASSOCIATION, AS TRUSTEE FOR LSF 9 <br> MASTER PARTICIPATION TRUST, <br> CALIBER HOME LOANS, INC., <br><br>     Defendants. | CIVIL ACTION NO. 1:18-CV-00254 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST'S AND CALIBER HOME LOANS, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Fed. R. Civ. P. 12(c), Defendants U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (incorrectly named as US Bank, National Association, as Trustee for LSF 9 Master Participation Trust) ("U.S. Bank") and Caliber Home Loans, Inc. ("Caliber," and collectively with U.S. Bank, "Defendants") hereby move for judgment on the pleadings.  The complaint filed by Plaintiffs David St. Amour and Diane St. Amour (collectively, "Plaintiffs") on May 7, 2018 (the "Complaint") fails to state claims upon which relief plausibly could be granted for several reasons.  First, Plaintiffs do not seek any relief against Caliber in any of the four (4) claims and, therefore, judgment should enter for Caliber on all counts.  Second, Plaintiffs fail to state claims in Count One for violations of the Truth in Lending Act based on a failure to send monthly mortgage statements "since May 9, 2017."  There was no obligation to send monthly statements as alleged in that count in light of the bankruptcy petition filed by Diane St. Amour

("Mrs. St. Amour") on April 10, 2017.  Third, Count Three is based on the allegation that U.S. Bank violated 15 U.S.C. § 1639 by failing to provide an "accurate" payoff statement.  Plaintiffs, however, fail to identify any requirement in the statute to provide an "accurate" payoff statement or facts setting forth why the statement was allegedly inaccurate.  Moreover, the statute cited by Plaintiffs applies to creditors, and U.S. Bank, as a subsequent assignee of the loan, is not a "creditor" as defined by that statute.  As a result, judgment should enter for U.S. Bank on Counts One and Three of the Complaint for failure to state a claim for which relief plausibly could be granted.

## I.   FACTS

This matter arises out of a loan by Mortgage Lenders Network USA, Inc. dba Lenders Network to the Plaintiffs (the "Loan") secured by a mortgage dated June 26, 2006 (the "Mortgage"), on real property located at 8 East Quail Run, Charlestown, Rhode Island. Complaint ¶¶ 1-2.  U.S. Bank is the current owner of the Loan, and Caliber is the loan servicer. *Id.* ¶¶ 4-5.

On April 10, 2017, Mrs. St. Amour filed a bankruptcy petition pursuant to Chapter 13 of the Bankruptcy Code, which was assigned Bankruptcy Case No. 1:17-bk-10560 (the "Bankruptcy Case").[1]  On March 15, 2018, the Court entered an order discharging Mrs. St. Amour.  Bankruptcy Case, ECF No. 61.

---

[1] In analyzing a Rule 12 motion, the Court may take judicial notice of related proceedings in other courts without converting the motion to one pursuant to Fed. R. Civ. P. 56.  *Murphy v. Cent. Falls Det. Facility Corp.*, No. C.A. 14-203 S, 2015 WL 1969178, at *3 n.2 (D.R.I. Apr. 30, 2015); *see also Kowalski v. Gagne,* 914 F.2d 299, 305 (1st Cir.1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand."); *Giragosian v. Ryan,* 547 F.3d 59, 65 (1st Cir. 2008) (court may consider "matters of public record, and other matters susceptible to judicial notice" in analyzing motion to dismiss (quoting *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 20 (1st Cir. 2003))).

In another attempt to avoid paying their debts, Plaintiffs have brought this action.  In the Complaint, Plaintiffs set forth four (4) claims, one of which is against Federal Home Loan Mortgage Corporation ("Freddie Mac"), and three of which are against U.S. Bank.  *See* Complaint.  In Count One, Plaintiffs allege that U.S. Bank failed to send Plaintiffs monthly mortgage statements after May 9, 2017, in violation of the Truth in Lending Act ("TILA").  In Count Two, Plaintiffs allege that Freddie Mac violated the covenant of good faith and fair dealing for alleged breach of the mortgage contract.  In Count Three, Plaintiffs allege that U.S. Bank violated TILA by providing an inaccurate payoff statement.  In Count Four, Plaintiffs ask the Court to issue a declaratory judgment that U.S. Bank is not entitled to any funds payable pursuant to the subject note.

Defendants now move for judgment on Counts One and Three of the Complaint as to U.S. Bank and on the entire Complaint as to Caliber because, as set forth more fully below, Plaintiffs have failed to set forth claims upon which relief plausibly could be granted.

## II.   <u>STANDARD</u>

The standard for evaluating a motion for judgment on the pleadings is the same as the standard for evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), except for the "modest difference" that "'[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole.'"  *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006).  To survive a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  The complaint must "state facts sufficient to establish a claim to relief that is plausible on its face."  *Najas Realty, LLC v. Seekonk Water Dist.*, 821 F.3d 134, 140 (1st Cir. 2016) (quoting *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008)).  If the pleadings, viewed in the light must favorable to the party opposing the motion, fail to "allege 'a plausible entitlement to relief,'" then the complaint must be dismissed.  *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008) (quoting *Twombly*, 550 U.S. at 559).  "[L]egal conclusions or 'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient to state a claim for relief.  *Soto-Torres v. Fraticelli,* 654 F.3d 153, 155 (1st Cir. 2011) (second alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).

## III.   ARGUMENT

### A.   Plaintiffs Fail to Plead Any Request for Relief Against Caliber.

Plaintiffs' Complaint contains four (4) counts.  In Count One, Plaintiffs demand "judgment against US Bank for statutory damages of at least $4,000.00, for each monthly failure to send a monthly mortgage statement in conformity with TILA since May 9, 2017 through this date and continuing in the future[,] plus action [sic] damages, plus attorney fees and costs and all other just and proper relief."  Complaint Count One.  In Count Two, Plaintiffs seek as relief damages against Freddie Mac for failure to comply with the terms of the mortgage, as modified by the loan modification, including legal fees and actual damages as alleged in the Complaint, arising from the breach of contract, alleged actual damages for aggravation, humiliation, embarrassment, loss of privacy, strain on personal relationships, loss of enjoyment of life, sleepless nights, worry, anxiety and stress suffered by the Plaintiffs, and punitive damages.  Complaint Count Two.  In Count Three, Plaintiffs expressly allege that "[t]his is an action for

damages brought by the Plaintiff who is a consumer, for us [sic] Bank's violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq." Complaint ¶ 46. Finally, in Count Four, Plaintiffs request a declaratory judgment that the Plaintiffs' mortgage note has been lost and that as a result, pursuant to R.I.G.L. 6A-3-309, the note cannot be enforced by exercise of the statutory power of sale since U.S. Bank is not entitled to any funds payable pursuant to a lost note. Complaint Count Four.

None of the four (4) counts, however, seeks relief against Caliber. Instead, Plaintiffs seek relief and damages solely against the other two defendants, U.S. Bank and Freddie Mac. By failing to plead any form of relief against Caliber, Plaintiffs have failed to plead a viable claim against Caliber and, therefore, judgment should enter for Caliber on the Complaint in its entirety.

B. There is No Obligation to Send Monthly Statements Due to the Bankruptcy Filing by Mrs. St. Amour.[2]

Count One is based on the allegation that U.S. Bank violated 12 C.F.R. § 1026.41 and 15 U.S.C. § 1638 by failing to send monthly mortgage statements "since May 9, 2017." Plaintiffs, however, conveniently fail to mention that Mrs. St. Amour filed a bankruptcy petition on April 10, 2017, shortly before they allegedly stopped receiving monthly statements, which stayed all collection efforts.

Regulation Z (12 C.F.R. pt. 1026) under TILA sets forth the requirements for the issuance of periodic statements for residential mortgage loans. 12 C.F.R. § 1026.41(a)(2). The regulation has clear exceptions, including that "[a] servicer is exempt from the requirements of [12 C.F.R. § 1026.41] with regard to a mortgage loan if [] any consumer on the mortgage loan is

---

[2] By including Caliber in the arguments set forth in Sections II-B and II-C, Caliber does not waive its argument in Section II-A that, by failing to allege any request for relief against Caliber, Plaintiff have failed to set forth a viable claim and judgment should enter for Caliber on all counts.

a debtor in bankruptcy under title 11 of the United States Code or has discharged personal liability for the mortgage loan [...]'"" 12 C.F.R. § 1026.41(e)(5) (2018).  The drafting history of TILA and Regulation Z, as well as the position taken by the Consumer Financial Protection Bureau (the "CFPB"), make it clear that a servicer is not required to issue periodic statements to borrowers in bankruptcy.  *See, e.g.*, *In re Sperry*, 562 B.R. 1, 5-6 (Bankr. D. Mass. 2016) (in response to concerns about potential confusion caused by servicers issuing monthly mortgage statements after a borrower files bankruptcy, the CFPB amended the regulation, effective January 10, 2014, so that servicers were not required to send periodic statements if a borrower files a bankruptcy petition (citing Consumer Fin. Prot. Bureau, *CFPB Provides Guidance on Mortgage Servicing Rules* (Oct. 15, 2013), http://www.consumerfinance.gov/about-us/newsroom/cfpb-provides-guidance-on-mortgage-servicing-rules)); *Kowalski v. Seterus, Inc.*, No. 2:16-CV-00160-JAW, 2017 WL 79949, at *11 (D. Me. Jan. 9, 2017) ((CFPB clarified the manner in which its regulations are to be implemented by expressly stating that "[s]ervicers are not required to provide periodic statements to borrowers in bankruptcy." (quoting Consumer Fin. Prot. Bureau, Bulletin 2013-12, *Implementation Guidance for Certain Mortgage Servicing Rules* 7 n.23 (Oct. 15, 2013))).

Courts likewise have been clear that debt discharged in bankruptcy exempts a servicer from the periodic statement requirement.  *Pemental v. Bank of N.y. Mellon for Holders of Certificates, First Horizon Mortg. Pass-Through Certificates Series FHAMS 2004-AA5*, No. CV 16-483S, 2017 WL 3279015, at *7 (D.R.I. May 10, 2017) ("The periodic statement is not required for any portion of the mortgage debt that is discharged under applicable provisions of the U.S. Bankruptcy Code." (quoting *In re McConnie Navarro*, 563 B.R. 127, 146 (Bankr. D.P.R. 2017))), *adopted by* 2017 WL 3278872 (D.R.I. Aug. 1, 2017).

In this case, Mrs. St. Amour commenced the Bankruptcy Case on April 10, 2017, shortly before she claims that U.S. Bank stopped sending her monthly mortgage statements in May of 2017.[3]  Thus, in light of the bankruptcy filing, there was no obligation under TILA to send to Plaintiffs a monthly mortgage statement, and U.S. Bank was fully within its rights, pursuant to the exemption set forth in 12 C.F.R. § 1026.41(e)(5), to stop sending period statements to the Plaintiffs.  Therefore, the allegation that U.S. Bank violated TILA by failing to send monthly mortgage statements "since May 9, 2017" does not support a claim upon which relief plausibly could be granted.

    C.   <u>Plaintiffs Have Failed to State a Plausible Claim in Count Three for Violations of the Truth in Lending Act Pursuant to 15 U.S.C. 1639.</u>

In Count Three, Plaintiffs allege that U.S. Bank violated 15 U.S.C. § 1639 by failing to provide an accurate payoff statement.  Plaintiffs, however, fail to specify which section of 15 U.S.C. § 1639 was violated.  This is not surprising.  There is no provision or language in 15 U.S.C. § 1639 regarding a violation of TILA if a creditor provides an "inaccurate" payoff statement.  The subsection pertaining to payoff statements, 15 U.S.C. § 1639(t), deals with limits on the assessment of fees, including transaction fees, the prohibition against charging a fee for payoff statements (except where there are multiple requests yearly), and the obligation to respond promptly to requests for payoff statements.  Plaintiffs do not allege a violation of 15 U.S.C. § 1639(t) or a single fact to support a violation of that subsection.  Therefore, Plaintiffs have failed to state a plausible claim for a violation of 15 U.S.C. § 1639, and judgment should enter for Defendants on Count Three.

---

[3] The automatic stay extends to co-debtors.  *See* 11 U.S.C. § 1301(a) (limiting a creditor's ability "to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor[…]")

-7-

The claim in Count Three also lacks any factual support.  Plaintiffs summarily conclude that U.S. Bank violated TILA by providing them with an "inaccurate" payoff statement without any detail.  *See* Complaint Count Three.  The First Circuit is clear that, in analyzing a Rule 12 motion, "the court need not credit 'bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like.'"  *Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev.*, 421 F.3d 1, 5 (1st Cir. 2005) (quoting *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996)).  Other than this vague reference, Plaintiffs do not allege how the payoff statement was inaccurate or provide any explanation for why the amounts charged are erroneous.  Instead, they only allege that "[t]he fees charged were neither reasonable nor necessary and were not legally incurred."  Complaint ¶ 54.  These vague allegations fall well short of setting forth factual allegations necessary to support an actionable legal theory.  Therefore, Plaintiffs' bare conclusions are insufficient to state a claim in Count Three and do not arise above bald assertions or unsupportable conclusions.  Thus, judgment should enter for Defendants on Count Three.

Finally, even if Plaintiffs had sufficiently pleaded a plausible claim for relief, a claim against U.S. Bank under TILA cannot survive because it is not a creditor as defined in TILA.  Pursuant to 15 U.S.C. § 1602(g), "the term 'creditor' refers only to a person who … (2) is the person to whom the debt arising from the consumer credit transaction is **initially payable** on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement …." (emphasis added).  Although an assignee of the creditor may be liable under TILA, liability is only imposed in limited circumstances when "the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary."  *Shilo v. Ditech Fin. LLC*, No. CV 16-11564, 2017 WL 3202725, at *6 (D. Mass. July 26, 2017) (quoting 15 U.S.C. § 1641(a)); *see also Faiella v. Green*

*Tree Servicing LLC*, No. 16-CV-088-JD, 2017 WL 589096, at *3 (D.N.H. Feb. 14, 2017) (holding that "Fannie Mae is not a creditor under TILA because it is not the entity to whom [borrower]'s note was originally payable").

Here, Plaintiffs admit that the originating creditor of the subject loan was not U.S. Bank, referencing the mortgage given by Plaintiffs to Mortgage Electronic Registration Systems, Inc. as nominee for Mortgage Lenders Network USA, Inc. dba Lenders Network.  *See* Complaint § 2, Ex. A.  Further, Plaintiffs do not allege any violation of TILA that was apparent on the face of the allegedly deficient notice and, therefore, as an assignee, U.S. Bank cannot be liable as a "creditor" pursuant to TILA.  *See* Complaint Count Three.  As a result, judgment should enter for Defendants on Count Three because Plaintiffs fail to state a claim pursuant to which they could plausibly be entitled to relief.[4]

## IV.   <u>CONCLUSION</u>

As shown above, Plaintiffs have failed to state claims upon which relief plausibly could be granted.  Therefore, judgment should enter for Caliber on all counts and against U.S. Bank on Counts One and Three.

---

[4] Nor could U.S. Bank be liable for the violation of any obligation owed by a "servicer" under TILA.  *See* 15 U.S.C. § 1602(dd)(7) (incorporating definition of "servicer" in 12 U.S.C. § 2605(i)(2)).  U.S. Bank is not a servicer, and Plaintiffs do not allege it is a servicer.

Respectfully submitted,

U.S. BANK TRUST, N.A., as TRUSTEE FOR
LSF9 MASTER PARTICIPATION TRUST;
and CALIBER HOME LOANS, INC.,

By their attorney,


*/s/ Joseph K. Scully*
Joseph K. Scully (#6217)
jkscully@daypitney.com
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103
T: (860) 275-0135

DATED:        September 27, 2018


## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on September 27, 2018.


*/s/ Joseph K. Scully*
Joseph K. Scully