UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THE BANK OF NEW YORK MELLON
F/S\K/A THE BANK OF NEW YORK AS
TRUSTEE FOR FIRST HORIZON
ALTERNATIVE MORTGAGE SECURITIES
TRUST 2004-AA5

VS                                               CA No. 17-cv-00031-WES-PAS

CHRISTOPHER PEMENTAL
BARRINGTON HISTORICAL SOCIETY, LLC ET AL

MEMORANDUM OF LAW TO ALLOW SUPPLEMENTAL MEMORANDUM

Defendants, by their attorney, have moved this Court permit the Defendants to file a Supplemental Memorandum of Law due to recent developments in the First Circuit. The recent case of *Thompson v. JPMorgan Chase Bank, N.A*. CA. No. 18-1559 was decided on February 8, 2019 and set forth relevant requirements for strict compliance with the terms of the mortgage, which were not complied with in this case.  A copy of this opinion is attached, in which the First Circuit reversed the dismissal by the District Court and reversed a foreclosure sale due to the fact that the purported default notice failed to notify the mortgagor of the limitations of the right to reinstate. The Court held that due to the strict compliance required under Massachusetts law and the obligation not to provide language in the notice which was deceptive, the failure to advise the mortgagor that reinstatement

1

could occur no later than five days before the scheduled sale was fatally defective. It also held that there was no need to demonstrate prejudice arising from said failure to notify the mortgagor.

The cases of *Martins v. FHFA* et al 214 F.Supp.3d 163 (D. R.I., 2016) and *Dan Harry v. PNC Bank C.A. No. 17-136 WES* (D.R.I., February 26, 2018) have yheld that Rhode Island law mandates that mortgage contracts must be strictly complied with in order to exercise the statutory power of sale. Failure to do so would result in the foreclosure rendered invalid. This Court in *Dan Harry* held that strict compliance was required and noted that the Rhode Island Supreme Court in *Bucci v. Mortgage Electronic Registration Systems, Inc*. 68 A. 3d 1069(R.I., 2013) had interpreted Rhode Island mortgages applying Massachusetts case law due to the similarities of the statutes authorizing statutory power of sale:

> Also pertinent is that the Rhode Island Supreme Court's decisions regarding mortgage interpretation turn to Massachusetts case law to fill in the interstices in Rhode Island mortgage jurisprudence. See Cruz v. Mortg. Elec. Registration Sys, Inc., 108 A.3d 992, 997 (R.I. 2015) (looking to guidance from Massachusetts to develop law pertaining to standing to challenge mortgage assignments) (citing as guidance Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d 1 (1st Cir. 2014) (applying Massachusetts law)); Bucci, 68 A.3d at 1087 ("we interpret the term `mortgagee' in our statutes in a similar fashion as did the Supreme Judicial Court of Massachusetts") (citing as guidance Culhane v. Aurora Loan Servs. of Neb., 826 F. Supp. 2d 352 (D. Mass. 2011) (applying Massachusetts law), aff'd, 708 F.3d 282 (1st Cir. 2013), and Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E. 2d 1118 (Mass. 2016)). Accordingly, it is appropriate for this Court to consider persuasive the relevant mortgage-law guidance from Massachusetts. See, e.g., Jose, 54 N.E. 3d at

2

1132 & n.3 (claim that foreclosure may be rendered invalid by mortgagee's failure to conduct pre-foreclosure face-to-face meeting survives summary judgment); Cook, 31 N.E. 3d at 1131 (mortgagor's claims to restore title and avoid eviction based on mortgagee's failure to comply with HUD regulations before foreclosing survive summary judgment).a

In view of this recent decision, which would be dispositive on crucial issues in this case, Defendant requests a period of two weeks to file a supplemental memorandum in order to fully address and fully brief this new issue which was addressed by the First Circuit in *Thompson*.

March 11, 2019

CHRISTOPHER PEMENTAL
BARRINGTON HISTORICAL
SOCIETY, LLC
By their Attorney

/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
jbelaw75@gmail.com

CERTIFICATION OF SERVICE

I hereby certify that I emailed a copy of this Memorandum of Law to John McNicholas, Esq and Catherine Eastwood on March, 2019

/s/ John B. Ennis, Esq.

3