```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
DAVID ST. AMOUR and DIANE ST. AMOUR,)
                                    )
     Plaintiffs,                    )
                                    )
           v.                       )      C.A. No. 18-254-WES
                                    )
FEDERAL HOME LOAN MORTGAGE CORP.,   )
U.S. BANK, NATIONAL ASSOC., as Trustee )
for                                 )
LSF 9 MASTER PARTICIPATION TRUST, and )
CALIBER HOME LOANS, INC.,           )
                                    )
     Defendants.                    )
_____)
```

**ORDER**

WILLIAM E. SMITH, Chief judge.

On May 7, 2018, Plaintiffs filed a four-count Complaint (ECF No. 1) alleging the following: that Defendant U.S. Bank violated of the Truth in Lending Act ("TILA") by failing to send Plaintiffs monthly mortgage statements after May 9, 2017 (Count 1); that Defendant Federal Home Loan Mortgage Corp. ("Freddie Mac") breached its contractual duties under a loan modification agreement by failing to properly apply Plaintiffs' payments (Count 2); that U.S. Bank violated TILA by failing to send Plaintiffs an accurate payoff statement (Count 3); and that U.S. Bank is not entitled to any funds payable pursuant to the note underlying the mortgage because the note was lost before U.S. Bank purchased the mortgage from Freddie Mac (Count 4).

1

Defendants have moved to dismiss Counts 1 and 3 as they pertain to Defendant U.S. Bank because Plaintiffs have failed to state plausible claims for relief; and they have moved to dismiss the entire Complaint as it pertains to Caliber because Plaintiffs have not pled any request for relief against Caliber.

Before the Court is Defendants' Motion for Judgment on the Pleadings (ECF No. 12), to which Plaintiffs have filed a timely Objection (ECF No. 21). For the reasons stated, Defendants' Motion is GRANTED.

I. Factual Background

On June 26, 2006, Plaintiffs, David and Diane St. Amour, executed a mortgage on the real property located at 8 East Quail Run, Charlestown, Rhode Island. On or about February 11, 2009, Plaintiffs claim they entered into a loan modification agreement with Freddie Mac (the original owner of the note), but Freddie Mac refused to properly apply Plaintiff's modified payments. As a result, Plaintiffs allege they were wrongfully charged late fees and costs. Compl. ¶ 40. This allegation forms the basis of Plaintiff's breach of contract claim (Count 2). -Compl. ¶¶ 37, 42, ECF No. 1.

Then, on April 10, 2017, Mrs. St. Amour filed a Chapter 13 bankruptcy petition, pursuant to which all payments on the mortgage ceased. See In re: Diane St. Amour, 17-BK-10560. Plaintiffs allege that after Mrs. St. Amour filed for bankruptcy, U.S. Bank, (the new owner of the note), stopped sending Plaintiffs monthly mortgage

2

statements, in violation of 15 U.S.C. § 1638 and 12 C.F.R. 1026.41 ("Regulation Z"). See Compl. ¶¶ 19-34. Plaintiffs further allege that U.S. Bank sent them an inaccurate payoff statement on December 13, 2017, in violation of 15 U.S.C. § 1639(g). Id. ¶¶ 45-56. The Complaint does not allege any facts about how the payoff statement was inaccurate; however, in their Objection to the instant Motion, Plaintiffs claim that, because Defendants allegedly lost the note, the payoff statement was necessarily inaccurate. These allegations form the basis of Plaintiff's claims for TILA violations (Counts 1 and 3).

II. Legal Standard

In evaluating a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, the Court applies the same standard used to assess a motion to dismiss under Rule 12(b)(6). See Morgan v. Cty. of Yolo, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), aff'd, 277 F. App'x 734 (9th Cir. 2008) ("A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings and operates in much the same manner as a motion to dismiss under Rule 12(b)(6) . . . The primary distinction . . . is one of timing. Rule 12(b)(6) motions are typically brought before the defendant files an answer, while a motion for judgment on the pleadings can only be brought after the pleadings are closed.") (citations omitted); Aponte-Torres v. Univ. Of P.R., 445 F.3d 50, 54–55 (1st Cir. 2006) ("There is, of course, a modest difference between Rule

3

12(c) and Rule 12(b)(6) motions. A Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole.").

Accordingly, the Court looks to see whether the Complaint states a plausible claim for relief and "view[s] the facts contained in the pleadings in the light most flattering to the nonmovants . . . and draw[s] all reasonable inferences therefrom in their favor." Id. at 54 (citations omitted). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Parker v. Hurley, 474 F. Supp. 2d 261, 267 (D. Mass. 2007), aff'd, 514 F.3d 87 (1st Cir. 2008) (quotations omitted). However, the Court must "eschew any reliance on bald assertions, unsupportable conclusions, and 'opprobrious epithets.'" Chongris v. Bd. of App. of Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987) (quoting Snowden v. Hughes, 321 U.S. 1, 10 (1944)).

III. Discussion

As an initial matter, the Court finds that there are no allegations in the Complaint seeking relief against Defendant Caliber Home Loans and, therefore, Plaintiffs have failed to state a claim for relief against Caliber. Accordingly, Caliber is entitled to judgment on the pleadings.

Next, the Court finds that U.S. Bank was under no obligation to send Plaintiffs monthly mortgage statements after Diane St. Amour

4

filed for Bankruptcy on April 10, 2017. Although 15 U.S.C. § 1638(f)(1) clearly requires creditors to send debtors periodic mortgage statements, Regulation Z, which implements that section, specifically exempts servicers from this requirement if "[a]ny consumer on the mortgage loan is a debtor in bankruptcy." 12 C.F.R. § 1026.41. The Court rejects Plaintiffs' argument that David St. Amour was entitled to continue receiving monthly statements because he was not the named debtor in the April 10, 2017 bankruptcy. The regulation applies when "<u>any</u> consumer" is a debtor in bankruptcy and both David and Diane were named as borrowers on the mortgage agreement. <u>See</u> Ex. in Supp. of Compl., ECF No. 2-1. Accordingly, the Court finds that U.S. Bank is entitled to judgment on the pleadings as to Count 1.

Furthermore, the Court finds that Plaintiffs have not provided sufficient facts to sustain their claim that U.S. Bank sent them an "inaccurate" payoff statement. Plaintiffs have alleged only that the payoff statement included "erroneous" amounts and reflected fees that were "neither reasonable nor necessary" and claims that this amounts to a "failure to comply with TILA." Compl. ¶¶ 53-55. Plaintiffs have not pled any specific facts to explain <u>how</u> the payoff statement was inaccurate. <u>See</u> <u>Chongris</u>, 811 F.2d at 37; <u>see also</u> <u>Davidson v. PNC Bank, N.A.</u>, C.A. No. 16-569, 2016 WL 7179371 *3 (S.D. Ind. Dec. 9, 2016) (holding that, though "neither the text of TILA nor [Regulation Z] provide instructions regarding what constitutes

5

an 'accurate payoff balance,'" the Federal Register's analysis of Regulation Z provides that "[t]he Bureau believes payoff statements should be issued according to the best information available at the time") (quoting 78 Fed. Reg. 10902-01, 10957-10958 (Feb. 14, 2013)). Accordingly, Count 3 includes only conclusory allegations that fail to state a plausible claim for relief.

However, even if Plaintiffs had alleged sufficiently specific facts, they have not alleged that they suffered an actual injury as a result of U.S. Bank's alleged TILA violation and, as such, Count 3 would fail anyway. See Pemental v. Bank of New York Mellon for Holders of Certificates, First Horizon Mortgage Pass-Through Certificates Series FHAMS 2004-AA5, No. 16-483S, 2017 WL 3279015 (D.R.I. May 10, 2017), report and recommendation adopted by 2017 WL 3278872 (D.R.I. Aug, 1, 2017) ("Post-Spokeo decisions make clear that this requirement applies to TILA; that is, a complaint that alleges a technical TIL violation, but fails to allege a concrete or particularized injury, must be dismissed.") (citations omitted); Viera v. Bank of New York Mellon as Trustee for Certificate Holders of Cwalt, Inc., No. 17-0523, 2018 WL 4964545, *6 (D.R.I. Oct. 12, 2018) (dismissing complaint alleging violations of TILA where "Plaintiff has not alleged how Defendants' failure to send monthly mortgage statements has caused him any injury other than attorneys' fees and the costs of prosecuting his TILA claim."). The Complaint's sole damages alleged pertain to costs and fees incurred by Plaintiffs

6

in meeting and conferring with their attorneys and bringing this action.  See Compl. ¶ 56.  "[T]hese damages would be recoverable if the alleged TILA violation had caused actual harm, [but] 'they are not a substitute for the injury-in-fact required by Spokeo."  Viera, 2018 WL 4964545, at *6 (quoting Pemental, 2017 WL 3279015, at *8).  Accordingly, the Court finds that U.S. Bank is entitled to judgment as a matter of law on Count 3 of Plaintiffs Complaint.

Lastly, the Court has reviewed Plaintiffs' Motion for Permission to File Supplemental Memorandum of Law in Support of their Opposition to Defendants' Motion (ECF No. 24) and concludes that the recent case Thompson v. JP Morgan Chase Bank, N.A., 915 F.3d 801 (1st Cir. 2019) has no bearing on the disposition of Defendants' Motion for Judgment on the Pleadings.  In Thompson, the First Circuit reversed the district court's dismissal of the plaintiffs' claims, finding that the notice of default did not strictly comply with the terms of Paragraph 22 of that mortgage agreement.  The notice of default stated that the plaintiffs could "still avoid foreclosure by paying the total past-due amount before a foreclosure sale takes place"; however, Paragraph 19 was more specific, stating: "Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) <u>five days</u> before the sale of the Property pursuant to any power of sale contained in this Security Instrument . . ."  Id. at 802, 803 (emphasis added).  Because the notice of default omitted the

7

qualification that the payment must be tendered at least five days before the foreclosure date, the court found it to be "potentially deceptive" and, therefore, not in strict compliance with the terms of the mortgage agreement and Massachusetts law. Thompson, 915 F.3d at 805.

The First Circuit's opinion in Thompson has no application here. Plaintiffs have not sought any relief whatsoever from Caliber and so judgment on the pleadings is appropriate as to it. Furthermore, the rest of Defendants' Motion addresses Counts 1 and 3, which allege TILA violations only. Accordingly, the Court finds Plaintiffs' supplemental memorandum of law inapposite to the issues presently before it.

For the reasons stated herein, Defendants' Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED. Plaintiff's Complaint is hereby DISMISSED as to Caliber and Counts 1 and 3 are hereby DISMISSED with respect to U.S. Bank.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: March 29, 2019