UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **DAVID ST. AMOUR and DIANE ST. AMOUR,**<br>     Plaintiffs,<br><br>v.<br><br>**FEDERAL HOME LOAN MORTGAGE CORPORATION; US BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST; CALIBER HOME LOANS, INC.,**<br>     Defendants. | C.A. NO.: 1:18-cv-00254 |

**DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S
ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") hereby answers the allegations of the Plaintiffs' Complaint as follows:

1. Freddie Mac admits that Plaintiffs David St. Amour and Diane St. Amour ("Plaintiffs") are record owners of real property located at 8 East Quail Run, Charlestown, RI.  Further answering, Freddie Mac lacks sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 1 and leaves Plaintiffs to their proof thereof.

2. Paragraph 2 refers to a written instrument of title that speaks for itself and does not require a response. To the extent a response is required, Freddie Mac admits that the document attached to the Complaint as Exhibit A is a true copy of a

mortgage executed by the Plaintiffs and recorded with the Registry of Deeds (the "Mortgage").

3. Freddie Mac lacks sufficient information to admit or deny the allegations contained in Paragraph 3 and leaves Plaintiffs to their proof thereof.

4. Freddie Mac admits that, upon information and belief, Caliber is the current loan servicer for the subject loan. Freddie Mac lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 4 and leaves Plaintiffs to their proof thereof.

5. Freddie Mac lacks admits that, upon information and belief, US Bank is the current mortgagee of the subject Mortgage. Freddie Mac is without sufficient information to admit or deny the remaining allegations contained in Paragraph 5 and leaves Plaintiffs to their proof thereof.

6. Paragraph 6 seeks information that is publicly available and, therefore, no response is required. To the extent any response is required, Freddie Mac admits that Bank of America, N.A., and/or BAC Home Loan Servicing, LP were former servicers of the subject loan. Freddie Mac lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 6 and leaves Plaintiffs to their proof thereof.

7. Freddie Mac lacks sufficient information to admit or deny the allegations contained in Paragraph 7 and leaves Plaintiffs to their proof thereof.

8. Admitted.

9. Freddie Mac admits that Federal Home Loan Mortgage Corporation is a corporation created by an Act of Congress.  Freddie Mac admits that it was once the owner of the subject loan, and is no longer the owner of the subject loan.  Freddie Mac lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 9 and leaves Plaintiffs to their proof thereof.

10. Freddie Mac denies the allegations contained in Paragraph 10.

11. Freddie Mac lacks sufficient information to admit or deny the allegations contained in Paragraph 11 and leaves Plaintiffs to their proof thereof.

12. Freddie Mac lacks sufficient information to admit or deny the allegations contained in Paragraph 12 and leaves Plaintiffs to their proof thereof.

13. Freddie Mac lacks sufficient information to admit or deny the allegations contained in Paragraph 13 and leaves Plaintiffs to their proof thereof.

14. Freddie Mac denies the allegations contained in Paragraph 14.

15. Paragraph 15 sets forth an unsubstantiated legal conclusion to which no response is required.  To the extent that any response is required, Freddie Mac is without sufficient information to admit or deny the allegations contained in Paragraph 15 and leaves the Plaintiffs to their proof thereof.

16. Freddie Mac denies the allegations set forth in Paragraph 16.

17. Freddie Mac denies the allegations set forth in Paragraph 17.

18. Freddie Mac is without sufficient information to admit or deny the allegations contained in Paragraph 18 and leaves Plaintiffs to their proof thereof.

## COUNT I

19. Freddie Mac repeats its prior responses as if fully set forth herein.

20. This paragraph states a legal conclusion to which no response is required. To the extent the paragraph makes any allegations of fact, they are denied.

21. This paragraph states a legal conclusion to which no response is required. To the extent the paragraph makes any allegations of fact, they are denied.

22. This paragraph states a legal conclusion to which no response is required. To the extent the paragraph makes any allegations of fact, Freddie Mac is without sufficient information to admit or deny the allegations contained in Paragraph 22 and leaves Plaintiffs to their proof thereof.

23. Freddie Mac admits the allegations set forth in Paragraph 23.

24. Freddie Mac admits that, upon information and belief, US Bank is the current mortgagee of the Mortgage. Freddie Mac is without sufficient information to admit or deny the remaining allegations in Paragraph 24 and leaves Plaintiffs to their proof thereof.

25. This paragraph states a legal conclusion to which no response is required. To the extent the paragraph makes any allegations of fact, Freddie Mac is without sufficient information to admit or deny the allegations in Paragraph 25 and leaves Plaintiffs to their proof thereof.

26. This paragraph states a legal conclusion to which no response is required. To the extent the paragraph makes any allegations of fact, they are denied.

27. This paragraph states a legal conclusion to which no response is required. To the extent the paragraph makes any allegations of fact, they are denied.

28. This paragraph states a legal conclusion to which no response is required. To the extent the paragraph makes any allegations of fact, they are denied.

29. This paragraph states a legal conclusion to which no response is required. Further answering, this paragraph appears to be incomplete and is not answerable in its current form. To the extent that this paragraph makes any allegations of fact to which a response is possible, they are denied.

30. This paragraph states a legal conclusion to which no response is required. To the extent the paragraph makes any allegations of fact, they are denied.

31. Freddie Mac is without sufficient information to admit or deny the allegations set forth in Paragraph 31 and leaves Plaintiffs to their proof thereof.

32. Freddie Mac is without sufficient information to admit or deny the allegations set forth in Paragraph 32 and leaves Plaintiffs to their proof thereof.

33. Freddie Mac is without sufficient information to admit or deny the allegations set forth in Paragraph 33 and leaves Plaintiffs to their proof thereof.

34. Freddie Mac is without sufficient information to admit or deny the allegations set forth in Paragraph 34 and leaves Plaintiffs to their proof thereof.

WHEREFORE, Defendants request the Court deny Plaintiffs' demands for relief.

## COUNT II

35. Freddie Mac repeats its prior responses as if fully set forth herein.

36. Freddie Mac is without sufficient information to admit or deny the allegations set forth in Paragraph 36 and leaves Plaintiffs to their proof thereof. The paragraph also states a legal conclusion to which no response is required. To the extent the paragraph makes allegations of fact, they are denied.

37. Freddie Mac is without sufficient information to admit or deny the allegations set forth in Paragraph 37 and leaves Plaintiffs to their proof thereof.

38. Freddie Mac is without sufficient information to admit or deny the allegations set forth in Paragraph 38 and leaves Plaintiffs to their proof thereof.

39. Freddie Mac denies the allegations set forth in Paragraph 39.

40. Freddie Mac denies the allegations set forth in Paragraph 40.

41. Freddie Mac denies the allegations set forth in Paragraph 41, to the extent that they allege Freddie Mac refused payments in violation of the mortgage contract. Freddie Mac is without sufficient information to admit or deny the remaining allegations, and leaves the Plaintiffs to their proof thereof.

42. Freddie Mac is without sufficient information to admit or deny the allegations set forth in paragraph 42, and leaves the Plaintiffs to their proof thereof.

43. Freddie Mac is without sufficient information to admit or deny the allegations set forth in Paragraph 43. To the extent they refer to damages as the result of any alleged wrongdoing by Freddie Mac, they are denied. As to any remaining allegations of fact, Freddie Mac leaves the Plaintiffs to their proof thereof.

44. Freddie Mac denies the allegations set forth in Paragraph 44.

WHEREFORE, Defendants request the Court deny Plaintiffs' demands for relief.

## COUNT III

45. Freddie Mac repeats its prior responses as if fully set forth herein.

46. This paragraph states a legal conclusion to which no response is required. To the extent the paragraph makes any allegations of fact, they are denied.

47. This paragraph states a legal conclusion to which no response is required. To the extent the paragraph makes any allegations of fact, they are denied.

48. This paragraph states a legal conclusion to which no response is required. To the extent the paragraph makes any allegations of fact, they are denied.

49. Freddie Mac admits that, upon information and belief, Caliber is the current servicer of the mortgage loan. Freddie Mac is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 49 and leaves Plaintiffs to their proof thereof.

50. Freddie Mac admits that, upon information and belief, US Bank is the current mortgagee of the mortgage loan. Freddie Mac is without sufficient information to admit or deny the remaining allegations set forth in Paragraph 50 and leaves Plaintiffs to their proof thereof.

51. Paragraph 51 sets forth a legal conclusion to which no response is required. To the extent a response is required, Freddie Mac denies the allegations set forth in Paragraph 51.

52. Freddie Mac is without sufficient information to admit or deny the allegations set forth in paragraph 52, and leaves the Plaintiffs to their proof thereof.

53. Freddie Mac is without sufficient information to admit or deny the allegations set forth in paragraph 53, and leaves the Plaintiffs to their proof thereof.

54. Paragraph 54 sets forth a legal conclusion to which no response is required. To the extent any response is required, Freddie Mac is without sufficient information to admit or deny the allegations set forth in paragraph 42, and leaves the Plaintiffs to their proof thereof.

55. Freddie Mac is without sufficient information to admit or deny the allegations set forth in paragraph 55, and leaves the Plaintiffs to their proof thereof.

56. Freddie Mac is without sufficient information to admit or deny the allegations set forth in paragraph 56, and leaves the Plaintiffs to their proof thereof.  To the extent any response to the allegations is required, they are denied.

WHEREFORE, Defendants request the Court deny Plaintiffs' demands for relief.

## COUNT IV

57. Freddie Mac repeats its prior responses as if fully set forth herein.

58. Freddie Mac denies the allegations set forth in paragraph 58.

59. Paragraph 59 sets forth a legal conclusion to which no response is required.  To the extent a response is required, Freddie Mac denies the allegations set forth in Paragraph 59.

60. Paragraph 60 refers to a written instrument that speaks for itself and, therefore, a response is not required.  To the extent a response is required, Freddie Mac denies the allegations set forth in Paragraph 60.

61. Freddie Mac is without sufficient information to admit or deny the allegations set forth in paragraph 61, and leaves the Plaintiffs to their proof thereof. To the extent any response to the allegations is required, they are denied.

62. Freddie Mac is without sufficient information to admit or deny the allegations set forth in paragraph 62, and leaves the Plaintiffs to their proof thereof. To the extent any response to the allegations is required, they are denied.

WHEREFORE, Defendants request the Court deny Plaintiffs' demands for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiffs were caused, in whole or in part, by the negligence or other conduct of Plaintiffs or third parties.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to take appropriate steps to mitigate or otherwise avoid the damages that they claim to have suffered.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed for failure to join indispensable parties and/or parties under Rule 19 of the Federal Rules of Civil Procedure.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery due to their execution of the loan documents.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, on the basis of the documentary evidence.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the doctrine of equitable estoppels.

## ELEVENTH AFFIRMATIVE DEFENSE

In the event Freddie Mac is found liable for any damages, they are entitled to a set off for the outstanding payments owing from Plaintiff to Defendants under the Note and/or Mortgage.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

THIRTEENTH AFFIRMATIVE DEFENSE

Freddie Mac reserves the right to amend or supplement these affirmative defenses as further investigation and discovery may reveal.

WHEREFORE, Freddie Mac respectfully requests that this Court enter an order:

(a) Dismissing the Complaint in its entirety; and

(b) Awarding Freddie Mac such other and further relief as this Court deems meet and just.

Respectfully submitted,
**FEDERAL HOME LOAN MORTGAGE CORPORATION,**
By their Attorney,

 /s/ Steven M. Stoehr
Scott C. Owens, Esq. #9347
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
Direct dial: (617) 558-0738

Dated: April 2, 2019                sstoehr@harmonlaw.com

**CERTIFICATION**

I, Steven M. Stoehr, hereby certify that on this 2nd day of April, 2019, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Steven M. Stoehr*
Steven M. Stoehr, Esq.