UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID ST. AMOUR and<br>DIANE ST. AMOUR,<br><br>    Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION, US BANK, NATIONAL<br>ASSOCIATION, AS TRUSTEE FOR LSF 9<br>MASTER PARTICIPATION TRUST,<br>CALIBER HOME LOANS, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 1:18-CV-00254 |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS U.S. BANK, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST AND CALIBER HOME LOANS**

Defendants U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (incorrectly named as US Bank, National Association, as Trustee for LSF 9 Master Participation Trust) ("U.S. Bank") and Caliber Home Loans, Inc. ("Caliber," and collectively with U.S. Bank, the "Defendants") submit this reply in further support of their Motion for Summary Judgment (Doc. No. 28) (the "Motion") on Count IV of the Plaintiffs' Complaint (the "Complaint") (Doc. No. 1). The Plaintiffs' Opposition (Doc. No. 42) misses the point and attempts to impute unnecessary requirements on the Defendants. Rather, the only remaining question before the Court is whether the Note is unenforceable because it is lost. The Defendants have demonstrated that the Note is not lost and, therefore, summary judgment should enter in their favor on the remaining count in the Complaint.

**A. The Defendants Have the Original Wet Ink Note, and Not Expressly Denying the Note Was Lost Does Not Create a Genuine Issue of Material Fact. (Opp. 2-5.)**

In the Opposition, the Plaintiffs incorrectly suggest that prior statements by the Defendants, which allegedly do not expressly deny the Note was lost, bar them from taking the position in the Motion that the original Note is not lost. Specifically, the Plaintiffs reference Caliber's response to a prior Notice of Error and miscellaneous paragraphs contained in Defendants' Answer to the Complaint (Doc. No. 11, the "Answer") in which the Defendants do not expressly deny the Note was lost. (Opp. 2-5.)

This argument is misplaced. First, the Defendants did not concede that the Note was lost for all time immemorial. Instead, the Defendants pleaded they denied knowledge and information sufficient to form a belief as to the truth of the Plaintiffs' allegations and therefore denied the allegations and left Plaintiffs to their proofs. It is true that at the time the Defendants filed the Answer, they lacked knowledge and information as to whether the Note was lost for all time; however, a statement that a party "lacks knowledge or information sufficient to form a belief about the truth of an allegation […] has the effect of a denial." Fed. R. Civ. P. 8(b)(5); *Glater v. Eli Lilly & Co.*, 712 F.2d 735, 737 (1st Cir. 1983) (citing Fed. R. Civ. P. 8(b)(5)). Therefore, even if the Plaintiffs' argument were relevant, the Defendants' responses have the effect of a denial.[1]

As set forth in the Memorandum and Affidavit of Joseph K. Scully ("Scully Aff."), as of the present time, the Note clearly is not lost and, therefore, there is no genuine issue of material fact on the only remaining claim in the Complaint. The Defendants are prepared to produce the

---

[1] Moreover, the Federal Rules allow for liberal amendment of pleadings to conform to the evidence even up through the conclusion of trial. Fed. R. Civ. P. 15(2). If the Court were to believe it necessary, the Defendants would seek leave to amend their Answer to deny these allegations.

original wet ink Note for the Court's inspection, and the Plaintiffs have already conducted their own inspection of the original wet ink Note.

    **B. The Scully Affidavit Demonstrates There Is No Genuine Issue of Material Fact, and Summary Judgment Should Enter in Favor of the Defendants. (Opp. 7-10)**

Relying on case concerning a Maine judicial foreclosure action, the Plaintiffs suggest that the Scully Affidavit is insufficient to demonstrate that the Note is not lost. (Opp. 7-10); *U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Jones*, 925 F.3d 534 (1st Cir. 2019). This reliance is misplaced; the *Jones* case has nothing to do with the authentication or admissibility of an original Note.

In *Jones*, a mortgagee sought to admit a servicer's account summary to prove the amounts due and owing on borrower's loan. *Id.* at 537. In response, the borrower argued that the account summary was inadmissible because it contained entries created by prior servicers. *Id.* The Court held that there is no rule under Rule 803(6) barring integrated business records based only on the testimony from a representative of the successor business, emphasizing that "the admissibility of the evidence turns on the facts of each case." *Id.*

As a preliminary matter, unlike the *Jones* case, the present case is not a foreclosure action. *See, generally, id.* Here, the Defendants have no duty to show the chain of custody of the Note in order to defeat the Plaintiffs' request for declaratory relief. Moreover, the Scully Affidavit does not purport to admit a business record under the business record exception to the prohibition on hearsay in the Federal Rules of Evidence. Instead, the Scully Affidavit merely establishes that counsel possesses, by way of a bailee agreement, the original Note – which is not a business record, but instead an operative legal document. (Scully Aff. ¶¶ 3, 5.) The Note is not hearsay or otherwise inadmissible. The Scully Affidavit was necessary simply because the

Defendants cannot file the original Note with the Court; they can only file facsimiles of the original Notes.

    **C. Copies of the Note Filed in Prior Actions Do Not Create a Genuine Issue of Material Fact that the Wet Ink Note Is Not Enforceable**. **(Opp. 9-11.)**

In the Opposition, the Plaintiffs suggest that the Note may not be an original due to alleged differences in copies of the note filed with the Court. (Opp. 9-11.) The alleged differences noted by the Plaintiffs are as follows: (1) bar code labels; (2) handwritten loan number; (2) a copy of the note is marked as being a copy; and (4) evidence of hole punch holes. (*Id.*) This argument is a red herring. In the normal course of business, a servicer must take steps needed to accurately track and maintain the loan documents in their files. This may include labeling the instrument with the new servicer's loan number, whether by barcode, handwriting, or otherwise. Furthermore, the Plaintiffs' argument that a photocopy of the Note, which is marked "copy," creates a genuine issue of material fact is preposterous.

    Moreover, the Plaintiffs fail to cite any legal authority to show that any such distinctions create an issue of material fact. In the Opposition, Plaintiff cites to *Note Capital Group, Inc. v. Perretta* for the proposition that "different versions of the note raised questions of fact as to which version the alleged note holder and mortgagee was attempting to enforce." 207 A.3d 998 (2019). *Perretta*, however, has a very different set of facts from the instant matter. *Perretta* was a foreclosure action in which the mortgagee was seeking to foreclose on the borrowers' right of redemption with a lost note affidavit. *Id.* at 999-1000. In that case, the Court held that, where there were several ***versions of the note***, the mortgagee's authority to enforce a lost note was called into question "because it is not clear which version of the note, if any, is authentic." *Id.* at 1006.

Unlike in *Perretta*, the present case is not a foreclosure action, but a lawsuit filed by borrowers seeking declaratory relief. (*See* Complaint, Doc. No. 1.) More importantly, the Court in *Perretta* was clear that the reason that there was an issue of material fact in that case was because the foreclosure was based on a lost note affidavit, pursuant to which the Court was being asked to determine which of "several versions of the note" could be enforced pursuant to a lost note affidavit. *Perretta*, 207 A.3d at 1005.

Here, there are not several versions of the Note; rather, this is one original Note with wet ink signatures and several *copies* of the Note. The original Note with wet ink signatures is the only version of the Note to be enforced and nobody is trying to enforce a different version – because no different versions exist – or enforce a copy of the Note.

The fact that there are several *copies* of that Note with allegedly additional markings on them different from the original Note is irrelevant and not surprising. Significantly, unlike in *Perretta* where there were different versions of the note, the Plaintiffs here do not claim that any of the copies of the Note differ with respect to any of the terms of the Note – material or otherwise. Instead, the Plaintiffs argue that "three different copies" of the Note submitted to the Bankruptcy Court "did not contain a bar code at the top of the right side of the page and contained two punch holes on the top of the note." (Opp. at 10.) However, just like these copies, the original Note contains a barcode on the top right side of the page – so it is not clear what this difference is that the Plaintiffs claim. And the fact that some of the copies contain hole-punches merely reflects that someone punched holes in a copy to put it into a file. The Defendants did not need to first hole-punch the original and then make copies in order to maintain the integrity of the original Note vis-à-vis subsequent copies. It would also not be surprising if copies of the Note would have additional markings on them that do not appear on the original Note. After all,

someone working on a loan file would likely want to work with copies of the Note so as to avoid losing them and, when necessary, they would also have to file copies with a court – otherwise, they would lose the original. That someone added markings to copies and represented those copies as copies of the original Note does not alter the validity of the original Note.

Significantly, the Plaintiffs have not submitted an affidavit disputing the validity of their signatures on the original Note. Therefore, there is no genuine issue of material fact, and judgment should enter for the Defendants on the remaining Count in Plaintiffs' complaint.

**D. The Plaintiffs' Allegations that Defendants Lack a Valid Assignment of Mortgage Do Not Create a Genuine Issue of Material Fact.**

Once again, the present matter is not a foreclosure action and the Defendants do not have to prove they have the right to foreclose on the Plaintiffs' right of redemption. The Defendants have no duty to show that they have possession of the Note and mortgage and any chain of custody or record assignments of either. The Plaintiffs' allegation that their expert found discrepancies in the dates of possession of the Note and assignments of mortgage are entirely irrelevant to the sole question before the Court: whether a declaration should be issued that the Note cannot be enforced because it is lost. (Memorandum; Scully Aff.) As demonstrated in the Memorandum and supporting Scully Affidavit, the Note is not lost. (*Id.*) As a result, there is no genuine issue of material fact and, as a result, judgment should enter in favor of the Defendants.

For these reasons and those set forth in the Defendants' Memorandum of Law, the Court should grant the Defendants' Motion and enter summary judgment in favor of the Defendants.

                                        Respectfully submitted,

                                        U.S. BANK TRUST, N.A., as TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST; and CALIBER HOME LOANS, INC.,

                                        By their attorney,

                                        /s/ Joseph K. Scully
                                        Joseph K. Scully (#6217)
                                        jkscully@daypitney.com
                                        Day Pitney LLP
                                        242 Trumbull Street
                                        Hartford, CT 06103
Date:  August 13, 2019              T: (860) 275-0135

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on August 13, 2019.

                                        /s/ Joseph K. Scully
                                        Joseph K. Scully