UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID ST. AMOUR and DIANE ST. AMOUR, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL HOME LOAN MORTGAGE CORPORATION; U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR LSF 9 MASTER PARTICIPATION TRUST; and CALIBER HOME LOANS, INC., <br><br> Defendants | C.A. No. 1:18-CV-00254-MSM-PAS |

**MEMORANDUM AND ORDER**

Mary S. McElroy, United States District Judge.

  This matter comes before the Court on the Motion for Summary Judgment of the defendants, US Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust ("U.S. Bank") and Caliber Home Loans, Inc.,[1] and the Objection of the plaintiffs,

---

[1] Caliber Home Loans, Inc. ("Caliber") previously was dismissed from this lawsuit by Order of this Court upon a motion for judgment on the pleadings filed by U.S. Bank and Caliber. (ECF No. 25.) Counsel for Caliber and U.S. Bank agreed at oral argument that, as a result of that dismissal, Caliber need not be party to the instant

1

David St. Amour and Diane St. Amour. (ECF Nos. 28 & 42).

The issue before the Court is whether a promissory note that previously had been declared lost, but now found and presented to this Court, can be held as a matter of law to be authentic and therefore preclude the plaintiffs' prayer for declaratory relief on the basis of Rhode Island's "lost note statute," R.I.G.L. § 6A-3-309.

For the reasons that follow, U.S. Bank's Motion for Summary Judgment is GRANTED.

## I.   BACKGROUND

The plaintiffs are mortgagors of a property located at 8 East Quail Run, Charlestown, Rhode Island, which is secured by a mortgage and a promissory note ("the Note") executed in 2006. (ECF No. 42-3 at 25-43.) Over the ensuing years, the mortgage and the Note were assigned from one entity to another, most recently to defendant U.S. Bank on August 16, 2016. *Id.* at 45-51.

Diane St. Amour filed a Chapter 13 bankruptcy petition on April 10, 2017, pursuant to which all payments on the mortgage ceased. *See In re: Diane St. Amour*, 17-BK-10560.

On May 7, 2018, the plaintiffs filed a four-count complaint in this Court. (ECF No. 1.) They alleged that defendant, U.S. Bank, violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, by failing to send the plaintiffs monthly mortgage statements after May 9, 2017 (Count I) and that U.S. Bank violated TILA by failing

---

motion. The Court therefore will proceed as if this motion was brought solely by U.S. Bank.

to send the plaintiffs an accurate payoff statement (Count III). *Id.* ¶¶ 19-34, 45-56. This Court previously granted U.S. Bank's Motion for Judgment on the Pleadings, dismissing Counts I and III as to U.S. Bank.[2] (ECF No. 25.)

Count IV, the only remaining claim against U.S. Bank, is the subject of the instant Motion. There, the plaintiffs seek a declaratory judgment that, under Rhode Island's "lost note statute," R.I.G.L. § 6A-3-309, U.S. Bank is not entitled to any funds payable pursuant to the Note underlying the mortgage because the Note was lost before U.S. Bank purchased the mortgage from defendant Federal Home Loan Mortgage Corp. (ECF No. 1 ¶¶ 57-62.) The lost note statute only allows a party to enforce a lost note if that party was in possession of the note at the time it was lost. *See* § 6A-3-309 (providing in relevant part that a "person not in possession of an instrument is entitled to enforce the instrument if … the person was in possession of the instrument and entitled to enforce it when loss of possession occurred ….").

According to the lost note affidavit from Nationstar Mortgage LLC ("Nationstar"), a previous servicer of the plaintiffs' loan, the Note was lost sometime prior to the date of that affidavit: October 28, 2014. (ECF No. 44.) Nationstar later assigned the mortgage and the Note to U.S. Bank on August 16, 2016. (ECF No. 42-3 at 51.) Thus, the plaintiffs assert, U.S. Bank was not in possession of the Note when it was lost and, pursuant to § 6A-3-309, it is not entitled to any funds pursuant to the Note. (ECF No. 1 ¶¶ 60-62.)

---

[2] Count II is not directed at either U.S. Bank or Caliber. It is instead asserted against defendant Federal Home Loan Mortgage Corp., which is not a party to the instant motion. (ECF No. 1 ¶¶ 35-44.)

3

In its Answer to the plaintiffs' Complaint, U.S. Bank pled that they did not have knowledge or information sufficient to form a belief as to the truth of the plaintiffs' allegations concerning loss of the Note and therefore denied that the Note was lost. (ECF No. 11 ¶¶ 58, 60-61.)

Now, U.S. Bank has moved for summary judgment on Count IV asserting that it has located the original Note and that the Note is currently in the possession of its attorney of record in this case. U.S. Bank attached a copy of the Note, along with an affidavit of its attorney, Joseph K. Scully, stating that he received the Note on March 25, 2019, has personally reviewed it, and that it is a true and correct copy of the original Note. (ECF No. 31.) Because the Note is not lost, U.S. Bank argues, the lost note statute does not apply; thus, the plaintiffs are not entitled to a declaration that the Note is unenforceable pursuant to that statute.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment's role in civil litigation is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Garside v. Osco Drug. Inc.,* 895 F.2d 46, 50 (1st Cir. 1990). Summary judgment can be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the

applicable law." *Santiago–Ramos v. Centennial P.R. Wireless Corp.,* 217 F.3d 46, 52 (1st Cir. 2000).

### III.   DISCUSSION

The plaintiffs first challenge U.S. Bank's production of the Note by arguing that in its Answer, U.S. Bank did not explicitly deny the Note was lost and therefore should not be able to now contradict that position.  In its Answer, U.S. Bank responded to the paragraphs of the Complaint asserting the Note was lost by stating that it "den[ies] knowledge and information sufficient to form a belief as to the truth of the allegations … and, therefore, den[ies] the allegations…."

Such a response has the effect of a denial, however.  Federal Rule of Civil Procedure 8(b)(5) is clear that "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."

As such, U.S. Bank's position that the Note has been found is not inconsistent with prior statements in the record.

The plaintiffs next argue that the Note presented with this Motion may not be authentic because it differs from other extant copies. Specifically, the Note that U.S. Bank presented for this Motion differs from the copies of the Note filed in Mrs. St. Amour's bankruptcy action in 2012 and 2017.  (ECF Nos. 42-5; 42-6; 42-7.)  The bankruptcy copies had two punch holes at the top of each page and did not (like the Note presented by the defendants) have a barcode and handwritten account number on the top right corner. (*Compare* ECF Nos. 42-5; 42-6; 42-7, *with* ECF No. 44-1.)  In

5

addition, another copy, the copy of the note attached to the lost note affidavit, is label-marked "copy," something not present on the Note presented on this Motion. (ECF No. 44.)

The plaintiffs also argue that the affidavit of the defendants' attorney, Joseph K. Scully, presented with the purported Note, lacks any foundation as Mr. Scully offers no basis for authentication. But a promissory note, being commercial paper, is self-authenticating under Federal Rule of Evidence 902(9), and need not be independently authenticated. *See In re Cook*, 457 F.3d 561, 566 (6th Cir. 2006) (holding that "a promissory note is self-authenticating evidence"); *United States v. Varner*, 13 F.3d 1503, 1508-09 (11th Cir. 1994) ("Mere production of a note establishes prima facie authenticity and is sufficient to make a promissory note admissible."). However, "if the opponent does offer evidence contesting admissibility and that evidence would be sufficient to convince a reasonable person that the item was not genuine, the opponent meets its burden of production" and the burden shifts to the proponent of the evidence to demonstrate its authenticity. Charles Alan Wright et al., 31 Fed. Prac. & Proc. Evid. § 7134 (1st ed.). In such an instance, a dispute as to authenticity would be resolved by the trier of fact. *Id.*

But such an instance does not exist here. It is clear to any reasonable viewer of the various copies of the Note that were handled by other servicers or the bankruptcy court, that any difference in markings between them and the Note presented with this Motion—such as punch holes, a filing barcode, or the label "copy"—are trivial differences indicating that a particular handler marked a

6

particular copy for filing purposes. It is noteworthy that none of these changes alter or modify the substance or terms of the Note. The record, therefore, reveals no genuine dispute as to the authenticity of the Note.[3]

The plaintiffs also argue that the Note was not properly assigned to U.S. Bank and thus a question of fact exists which should preclude summary judgment. But this potential issue is immaterial to the declaration that the plaintiffs seek in Count IV: that the lost note statute applies and precludes the defendants from enforcing the Note. Indeed, the lost note statute's threshold requirement for applicability is that a note is lost. *See* § 6A-3-309(a). Because there is no lost note in this matter, the Court simply cannot make any declaration applying the lost note statute and thus need not proceed to consider extraneous issues such as the chain of assignments.

## IV.   CONCLUSION

Because there is no genuine dispute as to the authenticity of the Note presented by U.S. Bank, the Note is not lost and the Court cannot grant any relief under Rhode Island's "lost note statute," R.I.G.L. § 6A-3-309(a), as requested in Count IV of the plaintiffs' Complaint. U.S. Bank's Motion for Summary Judgment (ECF No. 28) is therefore GRANTED.

---

[3] This case thus is distinguishable from *Note Capital Group, Inc. v. Perretta*, 207 A.3d 998, 1006 (R.I. 2019), because that case involved a lost note and there was a question of fact as to which of several "versions" of that lost note was authentic. Here, there is no lost note: there is an authentic Note and several copies.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
July 13, 2020