UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| DAVID ST. AMOUR AND DIANE ST. AMOUR,<br>    Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION, US BANK NATIONAL<br>ASSOCIATION, AS TRUSTEE FOR LSF 9 MASTER<br>PARTICPATION TRUST, CALIBER HOME<br>LOANS, INC.<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO: 1:18-CV-00254 |

**DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, Federal Home Loan Mortgage Corporation ("Freddie Mac"), pursuant to Local Rule 56, hereby submits the following statement of undisputed facts in in support of its Motion for Summary Judgment.

1. On June 26, 2006, Plaintiffs David St. Amour and Diane St. Amour (collectively "Borrowers") granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Mortgage Lenders Network USA, Inc. dba Lenders Network. *See* Complaint at ¶ 2.

2. Freddie Mac's records reveal that on July 25, 2006, it purchased the Borrowers' mortgage loan evidenced by: 1) a Note from the Borrowers to Mortgage Lenders Network USA, Inc. DBA Lenders Network in the original principal amount of $210,000.00 dated June 26, 2006; and 2) a Mortgage from the Borrowers to Mortgage

> Electronic Registration Systems as nominee for Mortgage Lenders Network USA, Inc. its successors and assigns.  DBA Lenders Network dated June 26, 2006 and recorded with the Town of Charlestown Land Evidence Records at Book 298, Page 990.  *See* Affidavit of Dean Meyer attached as **Exhibit A** at ¶ 7.

3. On May 12, 2016, Freddie Mac sold the Borrowers' mortgage loan to LSF9 Mortgage Holdings. LLC. Affidavit of Dean Meyer at ¶ 8.

4. Freddie Mac does not service the loans it acquires and does not engage in the following activities:  accepting and applying mortgage payments from consumers, maintaining loan account records, engaging in communications with consumers regarding the loan, engaging in loss mitigation efforts when applicable; and managing the default and foreclosure process when applicable.  Affidavit of Dean Meyer at ¶ 6.

5. Freddie Mac's servicing guide requires that, with certain exceptions that are not applicable to this case, servicers are delegated to review and approve proposed loan workouts (including proposed modifications).  Affidavit of Dean Meyer at ¶ 10.

6. In 2009, the Borrowers "received" a loan modification agreement from Countrywide Home Loans ("Countrywide"), the servicer of their mortgage loan.  *See* Complaint at ¶ 11.[1]

7. Countrywide and other servicers "refused to implement the modification on the electronic system of record of each servicer."  As a result, the Borrowers' payments "were not applied properly to the mortgage loan."  *See* Complaint at ¶ 14, 16.

---

[1] The Loan Modification Agreement appended to the Plaintiff's Complaint was not executed by Countrywide Home Loans, Inc., despite containing a line for its signature.  Whether this agreement was ever consummated is not necessary for the determination of this motion.  For purposes of this motion, Freddie Mac shall accept as true the Plaintiffs' contentions that such an Agreement was received, executed and performed by them.  Should the Court deny Freddie Mac's motion for summary judgment, Freddie Mac reserves the right to dispute the existence of a binding agreement.

8. Freddie Mac has no records in its possession suggesting that it ever was notified of the alleged Loan Modification Agreement between the Borrowers and Countrywide. Affidavit of Dean Meyer at ¶ 11.

9. Except for the documents provided by the Plaintiff with respect to this case, Freddie Mac has no records of a Loan Modification Agreement between the Borrowers and Countrywide. Affidavit of Dean Meyer at ¶ 9.

10. Freddie Mac never serviced the Borrowers' mortgage loan and at no time did it ever collect or apply mortgage payments from the Borrowers. Affidavit of Dean Meyer at ¶ 12.

        Respectfully Submitted,
        **FEDERAL HOME LOAN MORTGAGE CORPORATION**
        By its attorneys,

        ***/s/ Thomas J. Santolucito***
        Thomas J. Santolucito, Esq. #8322
        tsantoucito@harmonlaw.com
        Thomas J. Walsh, Esq. #5697
        twalsh@harmonlaw.com
        Harmon Law Offices, P.C.
        150 California Street
        Newton, MA 02458
        Phone:  (617) 558-0500
        Fax:   (617) 244-7304

Dated:   August 31, 2021

## **CERTIFICATION**

      I, Thomas J. Santolucito, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 31, 2021.

                                  */s/ **Thomas J. Santolucito***
                                  Thomas J. Santolucito, Esq.

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID ST. AMOUR AND DIANE ST. AMOUR,<br>    Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION, US BANK NATIONAL<br>ASSOCIATION, AS TRUSTEE FOR LSF 9 MASTER<br>PARTICPATION TRUST, CALIBER HOME<br>LOANS, INC.<br>    Defendants | CASE NO: 1:18-CV-00254 |

## AFFIDAVIT OF DEAN MEYER

I, Dean Meyer, being sworn under oath, do hereby voluntarily depose and state as follows:

1. I am a Director, Loss Mitigation for Federal Home Loan Mortgage Corporation ("Freddie Mac").

2. In my capacity as a Director for Freddie Mac, I have access to the loan files and records of the loans owned by Freddie Mac. Freddie Mac keeps and maintains its loan files and records for each mortgage loan that it acquires in the regular course of its business.

3. I reviewed Freddie Mac's business records concerning the mortgage loan for David St. Amour and Diane St. Amour (collectively "the Borrowers") relating to property at 8 East Quail Run, Charlestown, RI 02813 (the "Property") that is the subject of this action. I make this affidavit based upon my review of such records and of my own personal knowledge.

4. Freddie Mac is a corporation created by Congress to provide stability in the housing market.

5. Freddie Mac fulfills its mission by purchasing and selling mortgage loans, providing a source of capital to fund residential mortgages.

6. Although Freddie Mac purchases mortgage loans, it does not service the loans it acquires and does not engage in the following activities: accepting and applying mortgage payments from consumers, maintaining mortgage loan account records; engaging in communications with consumers regarding the loan; engaging in loss mitigation efforts when applicable; and managing the default and foreclosure process when applicable.

7. Freddie Mac's records reveal that on July 25, 2006, it purchased the Borrowers' mortgage loan evidenced by: 1) a Note from the Borrowers to Mortgage Lenders Network USA, Inc. DBA Lenders Network in the original principal amount of $210,000.00 dated June 26, 2006; and 2) a Mortgage from the Borrowers to Mortgage Electronic Registration Systems as nominee for Mortgage Lenders Network USA, Inc.. DBA Lenders Network dated June 26, 2006 and recorded with the Town of Charlestown Land Evidence Records at Book 298, Page 990.

8. Freddie Mac records also reveal that, on May 12, 2016, it sold the Borrowers' mortgage loan to LSF9 Mortgage Holdings. LLC.

9. Except for the documents provided by the Plaintiff with respect to this case, Freddie Mac has no records of a Loan Modification Agreement between the Borrowers and Countrywide Home Loans, Inc. concerning the Borrowers' mortgage loan.

10. Freddie Mac's servicing guide requires that, with certain exceptions that are not applicable to this case, servicers are delegated to review and approve loan workouts (including proposed modifications).

11. Freddie Mac has no records in its possession suggesting that it ever was notified of or approved the alleged Loan Modification Agreement between the Borrowers and Countrywide Home Loans, Inc.

12. Freddie Mac never serviced the Borrowers' mortgage loan and at no time did it ever collect or apply mortgage payments from the Borrowers.

EXECUTED UNDER THE PAINS AND PENALTIES OF PERJURY.

_____
Dean Meyer
Director, Loss Mitigation
Federal Home Loan Mortgage Corporation

**STATE OF Virginia**

Fairfax County, ss                                August _26_____, 2021

On this _26_ day of August, 2021, before me, the undersigned notary public, personally appeared Dean Meyer, proved to me through satisfactory evidence of identification, which were _Driver's License_____, to be the person who signed the preceding or attached document in my presence, and **who swore or affirmed to me that the contents of the document are truthful and accurate to the best of (his) (her) knowledge and belief.**

_____ (Affix Seal)
Notary Public
My Commission Expires: 08/31/2024

> JAMES E FITZGERALD III
> NOTARY PUBLIC
> REG. #7888499
> COMMONWEALTH OF VIRGINIA
> MY COMMISSION EXPIRES 08/31/2024

3