UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| DAVID ST. AMOUR and DIANE ST. AMOUR | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION; U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR LSF 9 MASTER PARTICIPATION TRUST; and CALIBER HOME LOANS, INC. | ) ) ) ) ) ) ) ) ) ) | C.A. No. 1:18-CV-00254-MSM-PAS |
| Defendants. | ) | |

### ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Motion for Summary Judgment of the defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"). (ECF No. 54.) Summary judgment can be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

The plaintiffs, David St. Amour and Diane St. Amour, are mortgagors of a property located at 8 East Quail Run, Charlestown, Rhode Island, which is secured by a mortgage and a promissory note executed in 2006. (ECF No. 42-3 at 25-43.)

On July 25, 2006, Freddie Mac purchased the plaintiffs' mortgage loan. (ECF No. 53 at 7 ¶ 7.) Freddie Mac is a corporation created by Congress to provide stability in the housing market; namely, it purchases and sells mortgage loans to provide a source of capital to fund residential mortgages. *Id.* ¶¶ 4-5.

In 2009, the plaintiffs received a loan modification agreement ("Modification Agreement") from the loan servicer, Countrywide Home Loans Servicing, LP. (ECF No. 1 ¶ 11.) Diane St. Amour filed a Chapter 13 bankruptcy petition on April 10, 2017, pursuant to which all payments on the mortgage ceased. *See In re: Diane St. Amour*, 17-BK-10560.

On May 7, 2018, the plaintiffs filed a four-count complaint in this Court. (ECF No. 1.) After two previous rounds of dispositive motions, the only remaining claim is Count II, directed at Freddie Mac for an alleged "violation of the covenant of good faith and dealing for breach of the mortgage contract." *Id.* ¶¶ 35-44. Specifically, the plaintiffs allege that Freddie Mac "through its servicer" entered into a loan Modification Agreement with them and breached this agreement by failing to apply subsequent mortgage payments in accordance with the agreement. *Id.* ¶¶ 39-42.

The Modification Agreement states that it was made "between DIANE T. ST. AMOUR AND DAVID A. ST. AMOUR (Borrowers) and Countrywide Home Loans Servicing, LP (Lender)." (ECF No. 2-2 at 4.) It is therefore undisputable that the plaintiffs had no loan modification contract with Freddie Mac.

An issue is whether Freddie Mac had any role in the servicing of the plaintiffs' mortgage. The affidavit of Freddie Mac's Director of Loss Mitigation, Dean Meyer,

2

provides that Freddie Mac itself did not service the plaintiffs' loan and at no time did it collect or apply mortgage payments from the plaintiffs. (ECF No. 53 at 8 ¶ 12.)

The plaintiffs, however, argue that Freddie Mac admitted to certain material allegations made in their Complaint regarding loan modification and servicing. Freddie Mac answered many of these allegations by stating that it "lacks sufficient information to admit or deny the allegations … and leaves Plaintiffs to their proof thereof." The plaintiffs argue that such a response does not comply with Fed. R. Civ. P. 8(b) and therefore is an admission. They point to *Mahonor v. United States*, 192 F.2d 873, 876 (1st Cir. 1951), where a defendant, who would have had knowledge whether she was a party to a lease simply "neither admit[ted] or denie[d]" an allegation that she was a landlord of the premises. *Id.* Such an answer was taken as an admission. *Id.* But here, Freddie Mac did not simply refuse to admit or deny but instead couched its response as lacking sufficient information. This response is sufficient under Rule 8(b)(5) which provides that a party "lacking knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."

Moreover, after the filing of Freddie Mac's Motion for Summary Judgment which has presented evidence refuting these allegations in the Complaint, the plaintiffs moved for additional time to respond to the Motion and to conduct additional discovery pursuant to Fed. R. Civ. P. 56(d). (ECF No. 57.) The Court granted this request and, after a dispute among the parties as to the scope of the Court's order on the subject, they stipulated to yet additional time for the plaintiffs

3

to conduct any necessary discovery (ECF No. 60), which further was extended upon the granting of another of the plaintiffs' motions for an extension of time (ECF No. 63). Thus, even to the extent the plaintiffs expected that these allegations were admitted before the filing of the instant Motion, they have had sufficient opportunity to conduct any discovery required to prove them (or at least to raise a question of fact) since the Motion's filing.

Because the record establishes that Freddie Mac did not service the plaintiffs' mortgage loan, the Court now turns to the *Merrill* doctrine. This doctrine derives from *Federal Crop Insurance Company v. Merrill*, 332 U.S. 380, 384 (1947), and provides that the government cannot be estopped or bound by the unauthorized acts or conduct of its agents. The First Circuit has held that Freddie Mac's sister corporation "Fannie Mae is a federal instrumentality for purposes of the *Merrill* doctrine and, thus, cannot be held liable for the unauthorized acts of its agents." *Faiella v. Fed. Nat'l Mortg. Ass'n.*, 928 F.3d 141, 143 (1st Cir. 2019). Freddie Mac argues that although its servicing guide authorizes its servicers to modify mortgages owned by Freddie Mac, the record here establishes that it never was notified of the plaintiffs' Modification Agreement. (ECF No. 66 ¶¶ 4-5.) Indeed, Freddie Mac attests that it generally delegates to servicers the review and approval of loan workouts, including proposed modifications. *Id.* at 8 ¶ 10. As to the plaintiffs' loan, Freddie Mac has no record that it was ever notified of the Modification Agreement between the plaintiffs and Countrywide Home Loans Servicing, LP or any other servicer acting on Freddie Mac's behalf. (ECF No. 66 ¶¶ 4-5.)

4

The plaintiffs attempt to raise a question of fact with respect to Mr. Meyer's affidavit by providing a deposition of him from another case, in a state court in Missouri. (ECF No. 57-3.) The plaintiffs argue that Mr. Meyer testified there that Freddie Mac was engaged in loss mitigation and that he had drafted certain loss mitigation regulations. The pages of the transcript cited by the plaintiffs are not so clear. *Id.* at 12-14. Mr. Meyer agrees that he has drafted some regulations "to help homeowners stay in their home" but nothing in Mr. Meyer's deposition raises a genuine dispute in *this* case; that is, whether Freddie Mac was involved in loss mitigation or loan modification with *these* plaintiffs.[1]

The plaintiffs also argue that Freddie Mac did not raise the affirmative defense of the *Merrill* doctrine in its answer and therefore waived it. The *Merrill* doctrine is an affirmative defense, *see Faiella*, 928 F.3d at 145, but even assuming it is a waivable defense, it should not be deemed waived here. As noted, after Freddie Mac filed its Motion for Summary Judgment, the plaintiffs moved for, and received, additional time to respond to the Motion and to conduct additional discovery pursuant to Fed. R. Civ. P. 56(d), because the affidavit of Dean Meyer raised defenses, including the *Merrill* doctrine, for the first time. (ECF No. 57.) The Court therefore finds that the plaintiffs have had a sufficient opportunity to conduct discovery on the

---

[1] After the filing of Freddie Mac's Motion for Summary Judgment, the Court granted the plaintiffs' request under Fed. R. Civ. P. 56(d) to take the deposition of Mr. Meyer. No transcript of a deposition of Mr. Meyer taken in the instant litigation has been presented to this Court.

applicability of the *Merrill* doctrine despite its late arrival into this case and therefore holds that the defense is not waived.

Freddie Mac has presented unrebutted evidence that although its servicing guide authorizes its servicers to modify mortgages that it owns, Freddie Mac was never notified of, and had no record of, the Modification Agreement at issue, before the filing of this case. Freddie Mac therefore could not have authorized or directed its servicers to apply the plaintiffs' mortgage payments in a manner inconsistent with this Agreement. The *Merrill* doctrine shields Freddie Mac from liability under these undisputed facts. *See Faiella*, 928 F.3d at 149.

For the foregoing reasons, Freddie Mac's Motion for Summary Judgment (ECF No. 54) is GRANTED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
March 9, 2022